Brown *vs*. Bennett.

GEORGE A. BROWN, plaintiff in error, *vs*. JAMES M. BENNETT, defendant in error.

There is no law which will authorize the decree of a court of equity to be set aside for defective allegations in the bill, or for defective pleadings, on motion, as may be done with judgments at common law, under the provisions of the Code. The proper remedy is by bill of review.

Equity. Practice in the Superior Court. Motion. Decrees. Judgments. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1875.

Reported in the decision.

HAWKINS & HAWKINS; N. A. SMITH, for plaintiff in error.

PEABODY & BRANNON, by brief, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a decree made by a court of equity in favor of Brown, the complainant, against Bennett, one of the defendants therein. The motion to set aside the decree was based on two grounds: First, that the defendant, Bennett, had never been served with process in said case. Second, because the allegations in said bill make out no case upon which a decree could have been rendered against the defendant, Bennett, and there is no prayer in said bill as against him. On the hearing of the motion, the court, from the evidence before it, held that the defendant, Bennett, had been served with process, and overruled that ground of the motion

to set aside the decree. The court sustained the motion to set aside the decree on the ground that there was no allegation in said bill charging Bennett, and no relief prayed for against him. To which judgment and decision of the court setting aside said decree, Brown, the complainant in the bill, excepted.

It appears from the record before us, that the bill was filed by the complainant against Furlow, Price & Furlow, partners, who resided in the county of Sumter, and the defendant, who resided in the county of Glynn, in which it is alleged that defendant, Bennett, owed complainant, $500 00, to secure the payment of which he had executed to him a mortgage on a negro girl named Margaret; that after the execution and record of said mortgage, the defendant, Bennett, placed the said negro in the possession of Price to secure a debt said to be due by him to the firm of Furlow, Price & Furlow; that Price, one of the said firm, run off said negro, or has sold her and received the proceeds of such sale, whereby she is placed beyond the reach of his mortgage *fi. fa.;* that the defendants, Furlow, Price & Furlow, pretend that said defendant, Bennett, conveyed to them said negro prior to the date of said mortgage to secure them in accepting paper for the defendant, Bennett, etc.; that the defendant, Bennett, is insolvent. The prayer of the bill is, that the defendants may be compelled to produce said negro, and in default thereof, that they be decreed to pay the complainant the amount of his mortgage debt, and that complainant may have such other and further relief in the premises as the court may deem just and proper. This bill was filed 9th February, 1856. On the hearing in October, 1872, the jury found a verdict in favor of Furlow, Price & Furlow, against the defendant, Bennett, for $500 00, the amount of the debt, with interest, and a decree was entered thereon 8th March, 1873. The court having found that the defendant, Bennett, was served with process, it may well be questioned whether, in contemplation of law, he is not to be considered as having been before the court when the decree was rendered against him, and failing to except thereto on the ground contained in his present motion, he is not con-

cluded by that decree.  But be that as it may, we are not aware of any law which will authorize a court to set aside the decree of a court of equity for defective allegations in the bill, or for defective pleadings, on motion, as may be done as to common law judgments, under the provisions of the Code.  If it appears on the face of the proceedings in an equity cause that the same are so defective that no valid decree could have been rendered thereon, then the proper remedy is by a bill of review to set aside the decree, and not by a mere motion as was done in this case.  As before remarked, we are not aware of any law which would have authorized the court to have set aside the complainant's decree on the ground stated in its judgment on a *mere motion,* and for that reason we reverse the judgment setting it aside.

Let the judgment of the court below be reversed.