### COSTON *vs.* DUDLEY, executor, *et al.*

1. A decree in equity cannot be set aside on motion, but the objection to the remedy may be waived; and if a motion made to set aside a decree be argued without objection and granted, it is then too late to raise the question as to the propriety of the remedy by motion.

2. A final decree cannot be entered on a bill as confessed until the complainant, or his solicitor in his absence, shall have sworn that the facts charged are true, or, according to his information and belief, must have been admitted to be true by the defendant in an honest answer.

Practice in the Superior Court. Equity. Decree. Motion. Waiver. Judgments. Before Judge JOHNSON. Washington Superior Court. September Term, 1879.

In this case the recollection of the counsel and that of the court seems to differ somewhat, and the statements of the bill of exceptions are materially qualified by the judge's note appended thereto. As thus qualified, the facts appear to be as follows: Coston filed his bill against Dudley, executor, and Coston, in Washington superior court. At the March term, 1879, an order was passed which recited that no answer had been filed and provided that if no sufficient excuse should be rendered for the

neglect of defendants at the next term of the court, the facts charged in the bill should be taken as confessed so far as the complainant (or his solicitor in his absence, would swear that the same were true, or according to his information and belief must have been admitted to be true by the defendants in an honest answer. At the September term, 1879, the case was called. Dudley was in court, and stated that he did not propose to litigate the case, and cared nothing for it. From subsequent statements of counsel, it appears that one of defendants' counsel (Mr. Langmade) was also present, and asked counsel for complainant to have the case continued, which the latter refused. Counsel for complainant informed the chancellor that the bill had been taken as confessed at the previous term of court, and was thereupon allowed to take a verdict and decree. Subsequently defendants moved to set aside the decree, among other reasons, because no affidavit had been made as a foundation for taking the bill as confessed. The motion was argued without objection to it as the proper remedy, and was granted. Complainant excepted.

ROBERT L. RODGERS, for plaintiff in error.

E. S. LANGMADE; B. D. EVANS, for defendants.

WARNER, Chief Justice.

This was a motion to set aside a decree in an equity cause on the grounds therein stated, which was granted by the court on the ground that a decree *pro confesso* had not been taken in the cause as required by the 4208th section of the Code, whereupon the complainant excepted.

1. It is insisted here that a decree in equity cannot be set aside on motion as was ruled by this court in *Brown vs. Bennett,* 55 *Ga.,* 189. We adhere to the ruling of the court in that case, and if the complainant had

moved to dismiss defendants' motion in this case and. the court had overruled it, we should have held it to be error. But according to the judge's certificate, there was no motion to dismiss the defendants' motion to set aside the decree because that was not the appropriate remedy, and the complainant appears to have *waived* all objections to the remedy adopted by the defendants, by joining issue: with them and discussing the merits of the motion to set. aside the decree without objecting to the remedy, and it was too late to raise that question after he had taken his. chances and the decision of the court was against him upon the merits of the case. As to the right of the complainant to waive the remedy, see Code, section 10.

2. In view of the facts of this case as certified by the presiding judge, we affirm the judgment of the court below.

Judgment affirmed.