## THORNTON *v.* COLEMAN, BURDEN & WARTHEN CO.

Where an action upon an account was brought to the March term, 1896, of a superior court, and upon the call of the appearance-docket at that term "said case was answered to by the attorney marking his name," but no other attempt at entering a defense was made until the March term, 1897, when the defendants presented an answer, asked leave to be allowed to

file the same, offered to pay the costs, and announced ready for trial, this court will uphold the trial judge in rejecting such answer and in directing a verdict for the plaintiffs; the more especially when the record does not even disclose that the answer sought to be filed set up a meritorious defense.

Argued April 27. — Decided May 27, 1898.

Complaint on note.    Before Judge Butt.    Talbot superior court.    March term, 1897.

The suit was returnable to the March term, 1896.    At that term the appearance-docket was called, and "said case was answered to by the attorney marking his name.",    When the case was called at the March term, 1897, the .defendants presented their plea and asked to be allowed to file it, offered to pay the cost, and announced ready for trial.    The court refused to allow the defendants to file the plea, and directed a verdict for plaintiffs.

*Bull & Perryman* and *C. J. Thornton*, for plaintiff in error. *Brannon, Hatcher & Martin*, contra.

LITTLE, J.    The plaintiffs in error contend that, because their attorney marked his name on the appearance-docket at the return term of the case, they were entitled, under the law, to file a plea at the second term thereafter, when the case was called for trial, on payment of the costs which had accrued and an announcement of ready for trial, and make defense to the suit. We do not think this contention can be maintained.    By the pleading act of 1893 (Acts 1893, p. 56), which provides for the arrangement of the petition, which sets out the cause of action, in distinct paragraphs, and an answer by the defendant to each paragraph of the petition, a general denial of the facts set out in the petition (which was in fact the plea of general issue) was abolished as a part of our system of pleading.    The intent of the General Assembly in the passage of the act was, that the pleadings should distinctly determine the issues between the parties, and that only the issues thus determined should be submitted for consideration by the jury.    It was also the intention of that act to secure a more speedy trial of causes.    Under the former practice in this State, when the plea of general issue

was legal, the marking of the name of counsel for the defendant at the first term was treated as equivalent to answering to the case, so as to prevent it from being in default (*Simon* v. *Myers & Marcus*, 68 *Ga.* 74), and the plea of the general issue was considered as filed in all cases thus answered. Code of 1882, § 3458. As, however, the plea of the general issue was abolished by the act of 1893, supra, the marking of the name of counsel on the appearance-docket would avail nothing for any purpose, and the case, notwithstanding such fact, would be in default. See *Smith* v. *Holbrook, Glazier & Co.*, 99 *Ga.* 256; *Moses* v. *Kittle*, 103 *Ga.* 806. It will be remembered that the offer to file a plea was not made until the third term of the court after the commencement of the suit, and, as we have seen, the case was in default at the first or appearance term, and the defendant thereafter was not entitled, as a matter of right, to file any defense to the action. *Fisher* v. *Savannah Guano Co.*, 97 *Ga.* 473; *Western Union Telegraph Co.* v. *Lark*, 95 *Ga.* 806; *Kaiser* v. *Brown*, 98 *Ga.* 19.

The question raised in this case, however, is to be determined by the provisions of the practice act of 1895, which is codified in section 5069 et seq. of the Civil Code, where the same is applicable. By its provisions, cases in which a demurrer, plea or answer or other defense is not filed at the appearance term, on call of that docket shall be marked "in default." This default may be opened within thirty days after the entry of default, upon payment of costs. If not so opened, the plaintiff is entitled to a verdict or judgment, according to the nature of his case. It is also provided that at the trial term, which is the term succeeding the appearance term, it is within the discretion of the judge, on payment of the costs, to allow the default to be opened, not, however, in the absence of a showing under oath setting up a meritorious defense, an offer to plead instanter, and an announcement of ready for trial. Civil Code, §§ 5069, 5070, 5071, 5072. If we apply the terms of the act of 1893, which is in force except where changed by later enactments, the plaintiffs in error were in default, and were not entitled by any provision of law, within our knowledge, to open such default and plead to the action at the third term. If we

apply the provisions of the act of 1895 to the question involved, clearly it must be solved against the plaintiffs in error. The rules governing pleadings and practice in this State mean something, and will, when questions concerning them are made in this court, be enforced according to their true intent.

*Judgment affirmed. All the Justices concurring.*