## CAULEY v. WADLEY LUMBER COMPANY.

·TURNER, J.  1. While, under the Civil Code, § 5072, a trial judge is vested with a wide discretion as to opening a judgment of default, on motion made at the trial term of a case, there is no provision of law authorizing him to entertain and grant a motion to open a default presented at any subsequent term at which the case is called for trial.   *Thornton* v. *Coleman*, 104 *Ga.* 625, 627.   To move to open a default at the term at which a case regularly stands for trial is purely a matter of grace ; and this·privilege must be exercised, if at all, within the time prescribed by the statute whereby it is conferred.   *Ingalls* v. *Lamar*, 115 *Ga.* 298–9.   The present case differs from the case of *Davis* v. *South Carolina Railroad Co.*, 107 *Ga.* 420.

2. The error committed by the court below in allowing the defendant to file an answer at the second term after the trial term of this case rendered all subsequent proceedings nugatory, since the plaintiff was thereby deprived of a substantial right (*Lenney* v. *Finley*, 118 *Ga.* 427 ); and for this reason, if for no other, the judgment of nonsuit rendered against her should be vacated.

*Judgment reversed.   All the Justices concur, except Simmons, C. J., absent.*

Argued February 16, — Decided March 4, 1904.

Case.   Before Levi O'Steen, judge pro hac vice.   City court of Douglas.   January 22, 1903.

*Lankford & Dickerson* and *Dart & Roan*, for plaintiff.

*Quincey & McDonald*, for defendant.