### FOSTER *v.* PHINIZY *et al.*

1. The facts disclosed by the record present a meritorious case for the reopening of the decree.
2. While parties can not by consent confer jurisdiction upon a court which has none, they may, either expressly or by their conduct, waive objections to remedies pursued in courts having jurisdiction of the subject-matter.
3. The objection to the remedy pursued not being made in the proper manner and not being insisted upon in the court below, and the case having been heard and determined upon its merits without reference to such objection, a waiver in reference to the remedy resulted.

Argued November 24, 1904. — Decided January 27, 1905.

Intervention. Before Judge Lewis. Morgan superior court. February 29, 1904.

*Samuel H. Sibley*, for plaintiff, cited *Ga. R.* 11/645; 14/683; 25/557; 68/56; 74/803; 80/218, 221; 105/584; 109/790; 113/810; 114/921; 115/466; Civil Code, §§ 3077, 3746–7, 3997, 4844, 5353; 5 Enc. Pl. & Pr. 1056; 14 Ib. 76, 77, 86, 97; 15 Ib. 228, 251, 258; 19 Ib. 265.

*Q. L. Williford* and *George & Anderson*, for defendants, cited Civil Code, §§ 2459, 3077, 3538, 3746, 3748, 4944, 5363, 5086, 3996, 3697; *Ga. R.* 94/225; 68/406; 67/356; 41/260; 12/77; 2 Am. & Eng. Enc. L. 1079–88; 25 Ib. 491, 544.

COBB, J. Mrs. Turnbull and three Fosters were tenants in common of a tract of land, in which each was entitled to an undivided one-fourth interest. It was agreed that F. C. and L. H. Foster should cultivate the land and make certain improvements, and from the rents and profits reimburse themselves for the sums which they might thus expend. Mrs. Turnbull filed an application for partition, and the two Fosters above referred to filed a plea, in which they set forth the agreement, that they had made improvements, and that they had not been reimbursed therefor. While this case was pending Phinizy became the owner of the interest of F. W. Foster in the land, and was made a party, and the name of F. W. Foster stricken from the case. A decree was rendered providing for a division of the land into four parcels, the decree reciting the amount that was still unpaid for improvements, and providing that one fourth of this amount should be chargeable against the parcel which had been set apart to Phinizy, and that F. C. and L. H. Foster should have a special lien on the land for its payment. There was no personal judgment rendered against Phinizy for the amount. To this decree Mrs. Turnbull and Phinizy excepted, and Mrs. Pauline Foster, the divorced wife of L. H. Foster, filed what purported to be a cross-bill of exceptions, complaining of the refusal of her application to be made a party to the proceeding. The decree was affirmed, and the bill of exceptions sued out by Mrs. Pauline Foster was dismissed on the ground that no ruling had been made in the court below on her application to be made a party to the proceeding. *Turnbull* v. *Foster*, 116 *Ga.* 765. Subsequently, on January 27, 1903, Mrs. Foster filed an application to be made a party to the case, and prayed that the decree be reopened and amended so as to set up certain rights which she claimed against her former husband, L. H. Foster. Upon this application scire facias was issued and served upon the parties to the decree. Phinizy filed an answer, in which he alleged that Mrs. Foster should not be allowed to become a party, for the reason that the case had been disposed of by a final decree, and for the further reason that he was entitled,

under a judgment against L. H. Foster, to the amount which the decree provided should be charged against the land set apart to him, the basis of this claim being fully set forth in the answer. Mrs. Foster filed a reply to Phinizy's answer, in which she set forth in detail the grounds upon which she claimed that the amount due her former husband should be decreed to her. Upon these pleadings the case came on to be tried by the judge upon an agreed statement of facts, and, after hearing argument, an order was passed denying and overruling the application of Mrs. Foster. From the agreed statement of facts the following appears: L. H. Foster and his wife separated in May, 1894. Suit for divorce was thereafter filed, and on January 8, 1895, a judgment was rendered, awarding Mrs. Foster a specific amount per month as temporary alimony. On March 11, 1898, a final judgment was rendered, granting a divorce and decreeing to her the sum of $2,500 as permanent alimony, and that she have a special lien upon certain property embraced in the schedule filed with the application for divorce, the one-fourth interest in the land above referred to being embraced therein, as well as other property, including notes and accounts. The amount now in controversy, that is, the sum charged against the land set apart to Phinizy, was not in terms referred to in the schedule or the decree, and no language was broad enough to embrace it, unless a general reference to notes and accounts would accomplish this purpose. L. H. Foster had been insolvent since January 9, 1897, and all of his property except the amount now in controversy has been absorbed by judgments which have priority over the judgment of Mrs. Foster. The partition proceeding was filed on March 3, 1896, and the answer of L. H. and F. C. Foster, claiming a lien on the share of F. W. Foster, was filed during the same month. On January 9, 1897, L. H. Foster executed four promissory notes, payable to F. C. Foster, which notes were indorsed by the latter to F. W. Foster and by him to Phinizy before maturity, as additional security for a pre-existing debt of F. W. Foster to Phinizy. These notes were made without consideration, merely for the accommodation of F. W. Foster, but Phinizy had no notice of this fact. Phinizy obtained judgment on these notes in March, 1900, and the execution issued thereon was entered on the general execution docket on March 16, 1900. On November 23, 1900,

L. H. Foster made a written assignment to Mrs. Foster of the
claim which he had under the partition decree against the land
set apart to Phinizy. At this time Mrs. Foster had no actual
notice of Phinizy's claim against her former husband. Written
notice of this assignment was given to the then attorney of record
of Phinizy on November 25, 1900. On November 11, 1902,
Phinizy sold the land set apart to him, conveying the same with
warranty, and the purchaser from Phinizy has since sold to others.

1. The claim which L. H. Foster had against F. W. Foster on
account of improvements made under the contract above referred
to, and which was in the partition decree asserted against the land
set apart to Phinizy, was a mere chose in action. L. H. Foster
under the decree recovered his full interest in the land as such,
and his recovery for improvements was not a recovery of land in
any sense, but a recovery of a debt which F. W. Foster owed to
him, and which was, under the facts of the case, decreed to be
chargeable against the interest of F. W. Foster in the land. Be-
ing a mere chose in action, no judgment lien attached thereto;
and it was therefore under the control of L. H. Foster as against
his judgment creditors of every class until they, either by garnish-
ment or other appropriate remedy, either at law or in equity,
brought the same before a court having jurisdiction to adjudicate
the rights of creditors therein. Until this was done L. H. Foster
had the right under the law to dispose of the same for value, pro-
vided the transaction in which he did it was not entered into for
the purpose of defrauding his creditors and there was no creditor
who at the time he disposed of it had an equity against him
which could be asserted against the transferee. If the assignment
to his former wife was made in good faith and for value, it passed
to her the title to the chose in action, but she took it subject to
any existing equities which F. W. Foster or his assignee might
have had against her former husband. There is no evidence that
the assignment was made with any fraudulent intent. Mrs. Fos-
ter was a purchaser for value, the consideration being the judg-
ment which she had against her former husband for alimony.
Neither F. W. Foster nor Phinizy had any claim against L. H.
Foster at the time the partition proceedings were begun, or at the
time the plea setting up the claim for improvements was filed.
Neither had a right of legal set-off; and if Phinizy has any right

·of set-off at all, it is one which the aid of a court of equity is necessary to enforce. In the assertion of every equitable right the one who asserts it must give effect to all the equitable rights of his adversary in the property in controversy; and hence this ·controversy is to be determined according to equitable principles. Mrs. Foster is the holder of the legal title to the chose in action under her assignment, and if her equities are superior, or even equal, to those of Phinizy, the law will prevail and the legal title acquired by the assignment will control the determination of the .issue. The liens of none of the judgments have attached to the property in controversy, and the dates of the judgments are therefore immaterial. The case is to be dealt with as if the fund were before the court under a proceeding in the nature of an equitable ·garnishment. Mrs. Foster has acquired no superior right by being the older judgment creditor. She has acquired a right by her .assignment which will be controlling in her favor, unless Phinizy has an equity which would override her legal title. Mrs. Foster is a purchaser for value of the chose in action. So far as her rights are concerned, Phinizy is not to be treated as a purchaser for value of the note of L. H. Foster. It was taken as collateral security for a pre-existing debt; he paid no new consideration for it; he parted with nothing; and his status was not changed. No matter what might be his rights as against L. H. Foster in reference to a plea of no consideration, certainly as against the rights of Mrs. Foster he is to be treated as a mere volunteer. The contest therefore is between Mrs. Foster as a purchaser for value and Phinizy as a mere volunteer; and under such circumstances the rule in equity is as old as equity jurisprudence itself. By the judgment against L. H. Foster he acquired no legal lien against the property in controversy, and, not having expended anything in order to obtain the note against L. H. Foster, he has nothing which would give him a standing in a court of equity. He has no rights, either legal or equitable, which would prevail over the legal right of Mrs. Foster as the assignee of the chose in action which her former husband had against the land formerly owned by F. W. Foster.

2, 3. If a proper objection had been made in a proper manner to the court's entertaining the application of Mrs. Foster to reopen the decree to which she was not a party, and the judge had

refused the application on this ground, an affirmance of the judgment would probably have resulted. While parties by consent can not confer jurisdiction upon a court in reference to a matter of which the court has no jurisdiction, they may, either expressly or by their conduct, waive an objection to a remedy asserted in a court having jurisdiction but which would be held to have been an improper remedy if a timely objection had been made. *Coston* v. *Dudley*, 65 *Ga.* 252. Phinizy, in his answer to the scire facias, alleged that Mrs. Foster's application should not be granted, because she was not a party to the decree which she was seeking to reopen; but this was not proper subject-matter of an answer. All of the facts necessary to a determination of this question appeared upon the face of the proceeding, and objection to the remedy should have been made either by demurrer or motion to dismiss. Civil Code, § 5049; *Jones* v. *McNealy*, 114 *Ga.* 393; *Mathis* v. *Fordham*, 114 *Ga.* 369; *Kelly* v. *Strouse*, 116 *Ga.* 883. While the cases just cited related to an ordinary action begun by petition and process, the principle of the decisions is applicable to the pleadings in any proceeding; the general rule in all cases being that issues of law must be raised either by demurrer or motion in the nature of a demurrer, and that an answer is not the appropriate way to bring such matters before the court. In addition to this, it is clear from the record that the parties, by the way in which they dealt with the case in the court below, waived any objection to the remedy pursued, and that the judge acquiesced in this waiver. The fact that Mrs. Foster was not a party to the decree which she was seeking to reopen appears in her application, and the hearing was had upon an agreed statement of facts which was entirely foreign to the question that she was not properly in court; and in this court counsel for the defendant in error does not in his brief refer to that portion of the answer which raises objections to the form of remedy pursued. The waiver was complete in the court below, and no disposition was manifested in this court to avoid the effects resulting from its existence. The order of the judge is entirely consistent with the view that he passed upon the merits of the case and did not refuse the application on the ground that the wrong remedy was pursued.

　　　　*Judgment reversed. All the Justices concur.*