CALDWELL *et al. v.* FREEMAN, receiver.

1. Under the ruling in the case of *Cauley* v. *Wadley Lumber Co.*, 119 *Ga.* 648 (46 S. E. 852), the court properly overruled the motion to open the judgment of default.
2. The court properly overruled the motion to dismiss the action.
3. The defect in service upon one of the defendants was waived by appearance and pleading.
4. There being no plea or answer in the case, and the petition being properly paragraphed, the allegations of the petition are to be taken as true; and being thus taken, they required the verdict which the court directed.

FEBRUARY 15, 1917.

Complaint. Before Judge Revill (of the city court of Greenville). Meriwether superior court. August 17, 1915.

The Bank of Haralson brought suit against W. M., L. A., J. M., and H. D. Caldwell, to recover the amount of certain promissory notes signed by the three defendants first named; and to obtain a decree to cancel and set aside a deed conveying realty from J. M. Caldwell to his son, H. D. Caldwell, on the ground that this deed was fraudulent and made for the purpose of defrauding petitioner and delaying and hindering the collection of the debt sued on and other debts of J. M. Caldwell. Afterward the receiver of the bank, R. W. Freeman, was made a party plaintiff. The suit was brought to the August term, 1914, of Meriwether superior court, which convened on August 18, 1914. Defendants retained an attorney at law to represent them. About three weeks before the court convened this attorney died. No appearance was made for the defendants at the August term, and the case was duly marked in default. At the trial term next succeeding, the case "was continued by the plaintiff's counsel." No steps had been taken by the defendants to open the default. At the August term, 1915, a motion was made to open the default, and the defendants offered to plead instanter, showing that they had employed counsel as stated; that they believed a plea and defense had been filed, and, but for the fact that they had relied on the counsel so employed, they would have employed other counsel to represent them and to file a plea; and that they did not discover, until the August term, 1915, that the answer had not been filed. The court overruled the motion to open the default. A motion was then made, in behalf of H. D. Caldwell, to dismiss the case, upon the following

grounds: that there was a misjoinder of parties and a misjoinder of causes of action; that the land conveyed by the deed which the plaintiff sought to have canceled was not sufficiently described; that W. M. Caldwell was a resident of Pike county, and the process attached to the second original was directed to the sheriff of Meriwether county; and that it was not alleged that W. M. and L. A. Caldwell were insolvent. The court overruled the motion, and the defendants excepted. In a note made by the judge before signing the certificate to the bill of exceptions, he stated that counsel for defendants, during his argument on the motion to dismiss, said that he had no objection to a judgment being rendered against W. M., L. A., and J. M. Caldwell for the amount due on the notes in this suit. No evidence was introduced; and the allegations of the petition not being denied, the court directed the jury to return a verdict and decree for the plaintiff for the principal sum due, together with interest, against the makers of the notes, and that the deed be delivered up and canceled.

*J. F. Hatchett* and *McLaughlin & Jones,* for plaintiffs in error.
*N. F. Culpepper,* contra.

BECK, J. (After stating the foregoing facts.)

1. While under the Civil Code, § 5656, a trial judge is vested with a wide discretion as to opening a judgment of default on motion made at the trial term, there is no provision of law authorizing him to entertain a motion to open a default at any subsequent term at which the case is called. *Thornton* v. *Coleman,* 104 *Ga.* 625, 627 (30 S. E. 782). To move to open a default at the term at which a case regularly stands for trial is purely a matter of grace, and this privilege must be exercised, if at all, within the time prescribed by the statute whereby it is conferred. The foregoing restates the ruling made in the case of *Cauley* v. *Wadley Lumber Co.,* 119 *Ga.* 648 (46 S. E. 852).

2, 3. There was no error in overruling the motion to dismiss as to W. M. Caldwell, who was a resident of Pike county. The process attached to the second original intended for service upon him should have been directed to the sheriff of Pike county instead of to the sheriff of Meriwether county; but that afforded no reason to dismiss the case as to W. M. Caldwell, when the motion for such dismissal was made, not by him or on his behalf, but by and on behalf of H. D. Caldwell, who was not one of the joint makers

of the note, but was the grantee in the deed from one of the joint makers. Besides this, W. M. Caldwell as well as the other defendants appeared before court and made a motion (equivalent to a general demurrer) to dismiss the case generally upon grounds other than that of the improper direction of the process attached to the second original; and moreover counsel for W. M. Caldwell and the other two makers of the note stated to the court, during his argument upon the motion to dismiss, that he had no objection to a judgment being rendered against W. M., L. A., and J. M. Caldwell for the amount due on the note. We think this was a complete waiver of any defect in the process, as the only recovery sought against W. M. Caldwell was a judgment for the amount of the note, and the only objection that H. D. Caldwell could have to the defect in service upon W. M. Caldwell was that the latter would not be bound by the judgment, there having been no proper service upon him.

4. There being no plea or answer in the case, and the petition being properly paragraphed, the allegations of the petition are to be taken as true; and being thus taken, they required the verdict which the court directed. Hence the court did not err in directing a verdict in favor of the plaintiffs, awarding to them the amount of the notes, and decreeing a cancellation of the deed to H. D. Caldwell from his father, one of the joint makers of the notes.       *Judgment affirmed. All the Justices concur.*