### 8422. LONGALIFE PAINT COMPANY *v.* WILLIAMS.

The case being in default and being so marked on the docket, the court erred in allowing the defendant to file an answer at a term after the trial term.

DECIDED JULY 19, 1917.

Complaint; from Whitfield superior court—Judge Tarver. January 2, 1917.

The suit was filed on the 14th and served on the 15th of December, 1915, and was made returnable to the January term of the superior court, 1916, which began on January 3. On April 5, 1916, the defendant filed a plea, in which he denied the material allegations of the petition. The case was called by Judge Tarver at the January term, 1917. At that time, opposite the entry of the case on the issue docket, was the word "Default," with a line drawn through it by a pen, followed by the words, "Answer

Jan'y 3rd, 1916." The plaintiff's counsel called the attention of the court to the fact that the defendant's plea was marked filed on April 5, 1916, and the judge made a docket entry as to the case, as follows: "Default, Jan. term, 1916. Entry made nunc pro tunc, Jan. 2, 1917." Afterwards, on the day on which this entry was made, the defendant made a motion as follows: "Defendant shows to the court that suit was brought to the January term, 1916, of Whitfield superior court, but . . that the case was returnable to the April term, 1916, . .; that he filed his plea and that the word 'Default' [was] at the same time marked on the docket by his honor A. W. Fite, judge of said court, but same was stricken by said Judge A. W. Fite, and the word 'Answered' placed there on said docket in the handwriting of said Judge A. W. Fite; that this date the words 'Default nunc pro tunc' [were] entered on the docket by his honor M. C. Tarver, judge of said court. Defendant moves the court to set aside any default, if any; that he has a good defense; that in fact there is no default, nor has there ever been any default in said case." An attorney who represented the plaintiff in bringing the suit testified, that he was present at the January term, 1916, when Judge Fite called the appearance docket, and it was his recollection that this case was called at the time and marked in default; that he inspected the issue docket of the court at the April term, 1916, in regard to this case, and at that time the word "Default" was not stricken, and the entry "Answer January 3rd, 1916," was not on the docket; that this entry was in the handwriting of Judge Fite; that it was made and the entry of "Default" stricken at or since the April term, 1916. Another attorney of the plaintiff testified to the same effect as to these entries, that he found no motion to open the default, and that the clerk informed him that none had been made. There was no further evidence as to this matter. The plaintiff objected to the opening of the default, and moved to dismiss the defendant's motion, "1st. Because the defendant, in his motion, did not offer to pay the accrued cost in the case. 2d. Because the defendant sets forth in his motion no legal cause or excuse why he did not file his plea in said case within the time provided by law, and does not set forth facts making a proper case for opening said default. 3d. Because said motion came too late, the trial term having passed and no motion having been made to open said default,

said motion being for the first time made at the third term of said court after said case was regularly marked in default." The court overruled these objections and passed an order that "upon payment of the cost in the case and announcing ready for trial, the defendant be permitted to refile the plea which was heretofore filed in the case." The defendant paid the accrued costs, refiled his plea, and announced ready for trial, and the court, after hearing the evidence for the plaintiff, granted the defendant's motion for a nonsuit. The plaintiff excepted, assigning error on the judgment of nonsuit, and on the order allowing the defendant to refile his plea.

*Dean & Dean, L. H. Covington,* for plaintiff, cited: *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* 123 *Ga.* 270; *Bowman* v. *Winn,* 16 *Ga. App.* 546; *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418; *Cauley* v. *Wadley Lumber Co.,* 119 *Ga.* 648; *Brawner* v. *Maddox,* 1 *Ga. App.* 332, 336.

*W. E. Mann, W. C. Martin,* for defendant, cited: *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* supra; *American Central Ins. Co.* v. *Albright,* 145 *Ga.* 515; *McKenzie* v. *Consolidated Lumber Co.,* 142 *Ga.* 375; *Price* v. *Hamilton,* 146 *Ga.* 705; *Thurmond* v. *Groves,* 126 *Ga.* 779.

BLOODWORTH, J. "A defendant has the right, at any time within thirty days after a case has been marked 'in default,' to open the default and file his defense, provided he also within the thirty days pays all the accrued costs. Civil Code (1910), § 5654." *Coker* v. *Lipscomb,* 17 *Ga. App.* 506 (87 S. E. 704). "While, under the Civil Code, § 5072, a trial judge is vested with a wide discretion as to opening a judgment of default, on motion made at the trial term of a case, there is no provision of law authorizing him to entertain and grant a motion to open a default presented at any subsequent term at which the case is called for trial." *Cauley* v. *Wadley Lumber Co.,* 119 *Ga.* 648 (46 S. E. 852); *Thornton* v. *Coleman,* 104 *Ga.* 625, 627 (30 S. E. 782). "There was, for some time after the passage of the act of 1895, doubt as to whether there were any terms upon which a default could be opened after the trial term. We think it is now well settled that a default can not be opened after the trial term has passed." *Brawner* v. *Maddox,* 1 *Ga. App.* 336 (58 S. E. 278). The evidence showing that this case was in default, and had been so

marked on the docket, the court erred in allowing the defendant to file an answer at a term after the trial term of this case; and this error rendered all subsequent proceedings nugatory; since the plaintiff was thereby deprived of a substantial right. *Cauley* v. *Wadley Lumber Co.,* supra.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*