### 9772.  WHITTIER MILLS CO. *v.* JENKINS.

JENKINS, J. This was a suit in the city court of Atlanta for damages on account of personal injuries. No defense was entered at the first term, and a judgment by default for the plaintiff was at that time entered,

upon proof being made, by her as to the amount of damage sustained. During the term the defendant moved to open the default and vacate the judgment, and the motion was denied. It moved also for a new trial, which the trial judge granted, and under that motion the verdict and judgment were set aside. A bill of exceptions by the plaintiff, complaining of the judgment granting a new trial, was brought to this court and in a cross-bill of exceptions the defendant assigned error upon the refusal to open the default. It was held by this court that the judge did not err, in the exercise of his legal discretion, in refusing to open the default, nor in setting the judgment aside on the defendant's motion for a new trial. 20 *Ga. App.* 828 (93 S. E. 530). When the case came on for another trial in the court below, the defendant made an oral motion to dismiss the petition, on the ground that no cause of action was set forth. The motion was overruled. A second motion to open the default had been filed immediately following the grant of a new trial, and that motion also was overruled when the case came on for its second hearing. The second trial, for the purpose of determining the amount of damages, resulted in a verdict for the plaintiff in an increased amount. Exceptions are now taken to the refusal to dismiss the petition on the oral motion, to the second refusal to open the default, and to the refusal of a motion for a new trial, in which it is complained that the verdict is excessive, and that the court erred in certain rulings made at the second trial, all of which may be generally stated as presenting the question whether the statutory right to contest the amount of unliquidated damages in cases of default includes the right to contest the extent of the injuries, in contradiction of the averments made by the petition, and whether in contesting the amount of such damages the issue of contributory and comparative negligence, although excluded under the allegations made by the petition, can be raised and submitted for the purpose of diminishing the amount of damages claimed. *Held:*

1. The petition set forth a cause of action, and the court did not err in refusing to dismiss the case on oral motion.

2. The court did not err in refusing for the second time to open the default, although the judgment for the plaintiff had at that time been set aside under the motion for a new trial. The previous judgment was not a nullity and never became such, but, having been legally rendered and not being void, although subsequently set aside as erroneous, its rendition fixed the continuing status of the defendant as being in default.

3. Under the allegations made by the petition, this court is unable to disturb the judgment in this case on the ground that the verdict (for $10,525) is excessive. *Realty Bond &c. Co.* v. *Harley*, 19 *Ga. App.* 186 (2) (91 S. E. 254), and cases there cited.

4. On the trial of a suit for unliquidated damages, in which the defendant is in default, the effect of the default is the same as if every item and paragraph of the petition had been proved by testimony and judgment had been rendered thereon, save only as to the amount of the damages claimed; and while the defendant has the right to contest this, in doing so he is not privileged to deny or dispute any of the material facts so adjudicated against him. Civil Code (1910), §§ 5657, 5662;

*Lenney* v. *Finley*, 118 *Ga.* 427 (45 S. E. 317); *Southern Bell Tel. Co.* v. *Earle*, 118 *Ga.* 506 (45 S. E. 319); *Caldwell* v. *Freeman*, 146 *Ga.* 469 (4) (91 S. E. 544); *O'Connor v. Brucker*, 117 *Ga.* 451 (43 S. E. 731); *Pittman* v. *Colbert*, 120 *Ga.* 341 (47 S. E. 948).

5. Under the foregoing rulings, none of the assignments of error are sufficient to authorize this court to set aside the verdict and judgment.

Judgment affirmed. *Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 29, 1919.

Action for damages; from Fulton superior court—Judge Reid presiding. April 7, 1918.

*Smith, Hammond & Smith,* for plaintiff in error.

*Hugh Howell, Morris Macks, Brewster, Howell & Heyman,* contra.