14220. MUNSEY *v.* WHITTIER MILLS COMPANY.

A cause of action was set forth by the petition in this case—an action against a cotton-mill company by an employee alleged to have been injured by slipping on a floor on which was oil covered with waste or lint; and the court erred in dismissing the petition, on oral motion.

DECIDED NOVEMBER 14, 1923.

Action for damages; from Fulton superior court—Judge Ellis. November 21, 1922.

The action was for injuries to a cotton-mill employee, alleged to have been caused by slipping on a floor on which was oil covered with waste or lint. The petition alleges: On March 26, 1920, the plaintiff was employed by the defendant corporation in the "twister's room" of its cotton mill, in operating short twisters in twisting yarn. These twisters were run by electricity, by means of belts or pulleys, and there was a loose pulley in connection with the machinery which operated the yarn twisters, on which the defendant, through its foreman, instructed the plaintiff to slip the belt while the machinery was stopping for any reason. Just prior to the stopping of the machinery for noon recess or for any other reason the defendant would give signals, by flashing the lights, to the plaintiff and other employees of the defendant operating the same, to slip or pull the belt from the pulley which operated the machinery to the said loose pulley. At that time, while the plaintiff was giving her whole attention to the operation of the said yarn twisters, as it was her duty to do, the defendant, through its foreman, gave the signal, by flashing the lights, to pull the belt on the loose pulley, as the machinery was stopping for noon recess. It was one of the plaintiff's duties, upon receiving the said signal, to slip or pull the belt on to the said loose pulley. In order for the plaintiff to get to the loose pulley from where she was working at the

time, she had to pass through an alleyway which was between the frames of the yarn twisters and which was about three feet wide and about fifteen feet long. After the signal was given and as the plaintiff was passing through the said aisle on her way to put the belt upon the loose pulley, she stepped on a piece of waste or lint lying on the floor in the aisle way, and as she stepped upon it her feet slipped from under her, throwing her with tremendous force and violence upon the floor. A quantity of oil, as the plaintiff later learned, was on the floor underneath and covered by the waste or lint, by reason of which her view of the oil was obstructed. In order to keep the machinery from injuring the yarn in the twisters while stopping, plaintiff had been instructed by defendant through its foreman, after the signal was given as aforesaid, to put the belt upon the loose pulley before the machinery came to a stop; and in order to put the belt on the loose pulley after the signal and before the stopping of the machinery, she had to leave her work in the operation of the short twisters and pass quickly along the said aisle way to the loose pulley. By reason of the oil being in said place and the waste or lint thereon, there was created a trap which was dangerous to all persons stepping thereon, and more especially to the plaintiff. She did not know of this dangerous condition and could not have discovered it by the exercise of ordinary care and diligence, nor did she have equal means with the defendant of knowing the existence thereof. She had not been warned by her foreman, who was her superior officer and the agent of the defendant, nor by any one else, of the said dangerous condition of the floor. The defendant knew of this dangerous condition or could have discovered it by the exercise of ordinary care and diligence. The defendant had means of knowing the location of the said obstruction, and had agents or servants whose duty it was to keep the floor clean and free from oil and obstructions, in order that all persons working in the said place or room, more especially the plaintiff, should have a safe place to walk. The plaintiff was not charged with the duty of cleaning or inspecting the floor, but the defendant, through its agents, was charged with such duty, which they negligently failed to perform. The defendant was negligent in not warning the plaintiff of the said dangerous condition of the floor, in not furnishing to her a reasonably safe place to work, and "in failing to provide an adequate number of competent servants

and employees to inspect and to clean the floor in said aisle way, in that oil would often drop from the machinery on to the floor, making it unsafe, and the probable accumulation of oil and waste or lint on the floor rendered the same a dangerous trap, where plaintiff and other employees of the defendant were expected and required to walk, should have been anticipated and provided against by defendant." Injuries caused by the fall are described, and allegations are made as to the resulting pecuniary damage; and it is alleged that all the injuries were caused by the defendant's negligence, and could not have been avoided by the plaintiff by the exercise of ordinary care.

*G. N. Bynum,* for plaintiff, cited: 26 Cyc. 1255; 1 *Ga. App.* 88; 4 Id. 80 (2); 22 Id. 26 (1 *b, c*); 21 Id. 340 (3), 349; 2 Id. 308 (1 *d*); 18 R. C. L. 96 (5), 101; 1 *Ga. App.* 403 (3, 5); Id. 259 (1); 24 Id. 738 (2 *a*); 23 Id. 328.

*McDaniel & Neely,* for defendant, cited: 134 *Ga.* 712; 4 LaBatt, Master & Svt., §§ 1517, 1518; 67 Atl. 573; 80 *Ga.* 227; 115 Id. 137, 542; 114 Id. 459; 126 Id. 670; 103 Id. 584; 140 Id. 459; 23 *Ga. App.* 328 (distinguished).

BLOODWORTH, J. In the case of *Whittier Mills* v. *Jenkins,* 23 *Ga. App.* 328 (1) (98 S. E. 236), this court held that "the petition set forth a cause of action, and the court did not err in refusing to dismiss the case on oral motion." The allegations of the petition in this case are so very similar to those in the *Jenkins* case, as shown by the record filed in the office of the clerk of this court, that the ruling in that case is absolutely controlling in this; and the court erred in dismissing this case on oral motion.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*