## AVERY & COMPANY *v.* SORRELL.

1. The courts of this State have no "jurisdiction" or authority after the trial term to open a judgment by default.

2. An order entered after the trial term opening a judgment of default is void.

3. Where a motion was made after the trial term to open a judgment of default, and counsel for the opposite party acknowledged service on the motion and made no objection to the order opening the default, and the

defendant thereafter filed a plea, and the case was tried on its merits, and a verdict was rendered in favor of the defendant, and the plaintiff filed a bill of exceptions in which there was no exception to the judgment opening the default, and in which the judgment was not attacked either directly or collaterally; and where the case was heard and decided by the Court of Appeals, and the default judgment was not attacked in any way until the third trial after the judgment of default was opened, when it was attacked collaterally, the plaintiff in such case is estopped from raising the question that the judgment opening the default was void.

No. 3827. FEBRUARY 13, 1924.

Questions certified by Court of Appeals (Case No. 13745).

*Dowling & Whelchel,* for plaintiff.

*W. F. Way,* for defendant.

HILL, J. The Court of Appeals desires instructions on the following questions, necessary to a determination of the case:

"1. Have the courts of this State any 'jurisdiction,' or authority, after the trial term, to open a judgment of default? See *Thornton* v. *Coleman,* 104 *Ga.* 625, 627 [30 S. E. 782]; *Caldwell* v. *Freeman,* 146 *Ga.* 469, 470 [91 S. E. 544]; *Stubbs* v. *Mendel,* 148 *Ga.* 802, 804 (3) [98 S. E. 476]; *Longalife Paint Co.* v. *Williams,* 20 *Ga. App.* 524, 526 [93 S. E. 154]; *Brawner* v. *Maddox,* 1 *Ga. App.* 332, 336 [58 S. E. 278].

"2. Is an order entered after the trial term, opening a judgment of default, a void judgment, or is it only a voidable one?

"3. If void, is the plaintiff estopped from raising this question when its counsel acknowledged service on the motion to open the default, and made no objection to the order opening the default, and where the defendant thereafter filed a plea, and the case was tried on its merits, and a verdict rendered in favor of the defendant, and the plaintiff filed a bill of exceptions in which there was no exception to the judgment opening the default, and in which that judgment was not attacked, either directly or collaterally, and the case was heard and disposed of in this court (25 *Ga. App.* 641); and where the default judgment was not attacked in any way until the third trial after the judgment of default was opened, when it was attacked collaterally? See *Foster* v. *Phinizy,* 121 *Ga.* 673 (2) [49 S. E. 865]; *Hodgkins* v. *Marshall,* 102 *Ga.* 191 [29 S. E. 174]; *Story* v. *Brown,* 98 *Ga.* 570 [25 S. E. 582]; *Blackstone* v. *Nelson,* 151 *Ga.* 706 [108 S. E. 114]."

1. In *Stubbs* v. *Mendel,* supra, the judgment of default was entered at the appearance term (Oct. 1916). The court allowed

the default to be opened at the June term, 1917, which was the second term after the trial term, "the terms of Chatham superior court being fixed by statute for March, June, October and December." This court held in that case that "The court had no jurisdiction, at the second term after the trial term of the case, to open a default in pleading and to allow a defendant then to file a demurrer and an answer, upon his oral motion not under oath." And see, to the same effect, *Thornton* v. *Coleman, Caldwell* v. *Freeman, Longalife Paint Co.* v. *Williams, Brawner* v. *Maddox*, supra. From the rulings made in these cases we reach the conclusion that the first question must be answered in the negative.

2. In the *Stubbs* case, supra, it was said that "the court had no jurisdiction at the second term after the trial term to open a default, even if the motion to do so had been .properly made. The error in opening the default and allowing the defendant, Smith, to file a demurrer and answer at the second term after the trial term of the case, rendered all subsequent proceedings as to him nugatory, since the plaintiff was thereby deprived of a substantial right." *Cauley* v. *Wadley Lumber Co.*, 119 *Ga.* 648 (46 S. E. 852). It will be observed that this court said in that case that the subsequent proceedings were "nugatory." Is the use of the word "nugatory" as there used the same as "void"? Webster's International Dictionary defines the word "nugatory" to be "of no force; inoperative; ineffectual; invalid; futile; as, the law was nugatory because without a sanction." The same authority defines the word "invalid" as "of no force, weight, or cogency; not valid; weak, specif. law, having no force or effect; void, null; as, an invalid contract." We are of the opinion that the word "nugatory" as used in the decision means the same as void; and that after the trial term of the court in the present case the court was without jurisdiction to open the default and enter a judgment; and that if judgment opening default was entered under such circumstances, it is void.

3. The remaining question to be considered is, if the judgment opening the default was void for the reasons set out in the questions propounded, is the plaintiff estopped from raising this question, under the facts set out in the third question propounded by the Court of Appeals? In *Foster* v. *Phinizy*, 121 *Ga.* 673, 678 (supra), it was held: "While parties cannot by consent confer

jurisdiction upon a court which has none, they may, either expressly or by conduct, waive objections to remedies pursued in courts having jurisdiction of the subject-matter." In delivering the opinion of the court Cobb, J., said: "While parties by consent cannot confer jurisdiction upon a court in reference to a matter of which the court has no jurisdiction, they may, either expressly or by their conduct, waive an objection to a remedy asserted in a court having jurisdiction but which would be held to have been an improper remedy if a timely objection had been made. *Coston* v. *Dudley*, 65 *Ga.* 252. Phinizy, in his answer to the scire facias, alleged that Mrs. Foster's application should not be granted, because she was not a party to the decree which she was seeking to reopen; but this was not proper subject-matter of an answer. All of the facts necessary to a determination of this question appeared upon the face of the proceeding, and objection to the remedy should have been made either by demurrer or motion to dismiss. Civil Code, § 5049; *Jones* v. *McNealy*, 114 *Ga.* 393 (40 S. E. 248); *Mathis* v. *Fordham*, 114 *Ga.* 364, 369 (40 S. E. 324); *Kelly* v. *Strouse*, 116 *Ga.* 883 (43 S. E. 280). While the cases just cited related to an ordinary action begun by petition and process, the principle of the decisions is applicable to the pleadings in any proceeding; the general rule in all cases being that issues of law must be raised either by demurrer or motion in the nature of a demurrer, and that an answer is not the appropriate way to bring such matters before the court. In addition to this, it is clear from the record that the parties, by the way in which they dealt with the case in the court below, waived any objection to the remedy pursued, and that the judge acquiesced in this waiver," etc. It will be observed that the court in the present case had jurisdiction to entertain motions to open defaults. Civil Code (1910), § 5656. It also had jurisdiction of the parties. It appears from the question propounded that counsel for the plaintiff acknowledged service on the motion to open the default; that the plaintiff made no objection to the order opening the default; that the defendant thereafter filed a plea, and the case was tried on its merits, and a verdict rendered in favor of the defendant; that the plaintiff filed a bill of exceptions, in which there was no exception to the judgment opening the default, and in which that judgment was not attacked, either directly or collaterally; that the case was heard

and disposed of by the Court of Appeals (25 *Ga. App.* 641, 104 S. E. 26) ; and that the default judgment was not attacked in any way until the third trial after the judgment of default was opened, when it was attacked collaterally.   In these circumstances we think the plaintiff is estopped from raising the question that the judgment opening the default is void.   See *Hodgkins* v. *Marshall, Story* v. *Brown,* and *Blackstone* v. *Nelson,* supra.

*All the Justices concur, except Gilbert, J., who dissents from the ruling in the third division.*