## 13745. AVERY & CO. *v.* SORRELL.

1. The courts of this State have no "jurisdiction" or authority after the trial term to open a judgment by default.

2. An order entered after the trial term, opening a judgment of default, is void.

3. Where a motion was made after the trial term to open a judgment of default, and counsel for the opposite party acknowledged service on the motion and made no objection to the order opening the default, and the defendant thereafter filed a plea, and the case was tried on its merits and a verdict was rendered in favor of the defendant, and the plaintiff filed a bill of exceptions in which there was no exception to the judgment opening the default, and in which the judgment was not attacked either directly or collaterally, and where the case was heard and decided by the Court of Appeals, and the default judgment was not attacked in any way until the third trial after the judgment of default was opened, when it was attacked collaterally, the plaintiff in such case is estopped from raising the question that the judgment opening the default was void.

4. When considered in connection with all the evidence and the remainder of the charge, the excerpt from the charge of which complaint is made in the fourth ground of the motion for a new trial presents nothing that requires a reversal.

5. This court cannot say that the verdict is without evidence to support it.

DECIDED APRIL 16, 1924.

Trover; from Colquitt superior court—Judge W. E. Thomas. June 8, 1922.

*Dowling & Whelchel,* for plaintiffs.

*W. F. Way,* for defendant.

BLOODWORTH, J. The 1st, 2d and 3d headnotes are in the language of the Supreme Court, and are the answers given to questions certified by this court. For the full opinion of the Supreme Court, see 157 *Ga.* 476 (121 S. E. 828). It is necessary only to add that the principle announced in headnote 3 disposes of the questions raised by the exceptions pendente lite and grounds 5, 6, and 8 of the motion for a new trial, and of one of the contentions in ground 7 of the motion, adversely to the contention of plaintiff in error, and that there is no merit in the additional contention in ground 7 that certain evidence was admitted over the objection of defendant that "the foreclosure papers testified about by said witness would be the highest and best evidence."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*