*P. D. Rich,* contra.

---

FRASER *v.* NEESE; *et vice versa.*

ATKINSON, J. 1. If on the call of the appearance docket at the appearance term a case is called in which the defendant has filed no demurrer, plea, or answer, and the judge marks the case on the docket "in default," such entry by the judge on the docket is a judgment that the case is in

Appeal and Error, 4 C. J. p. 617, n. 19, 20; p. 1064, n. 66.

Judgments, 34 C. J. p. 59, n. 98; p. 89, n. 46; p. 180, n. 71; p. 193, n. 29; p. 229, n. 83; p. 247, n. 12; p. 248, n. 15; p. 252, n. 72; p. 255, n. 85.

Pleading, 31 Cyc. p. 724, n. 97.

Trial, 38 Cyc. p. 1566, n. 86.

default. *Love* v. *National Liberty Insurance Co.*, 157 *Ga.* 259, 262 (121 S. E. 648); Civil Code (1910), § 5653.

2. If after such entry by the judge the clerk of the court during the same term, without direction or authority from the judge, erases the entry "in default" on the docket by drawing a line through it, such action upon the part of the clerk should be treated as a mere clerical act insufficient in law to modify or alter the default judgment entered by the judge.

3. If, after the clerk has so marked the entry on the docket, the judge, at a term subsequent to the trial term, passes an ex parte order directing the clerk to re-enter upon the docket the entry "in default," and the clerk executes the order, whether or not such action by the judge is irregular as having been done without affording the defendant a hearing, or for other cause, such order and such re-entry would not destroy or modify the binding effect of the original default entry made by the judge.

4. Where the clerk has erased the default entry by the judge on the appearance docket, as referred to in the preceding notes, the facts may be shown by extraneous evidence explanatory of the entry and erasure on the docket, and that the act of the clerk was by his mistake. The uncontradicted evidence showed that the mutilation of the docket occurred in the manner as above mentioned.

5. The suit was instituted July 16, 1925, and made returnable to the September term, which convened on the first Monday in that month. On September 16, 1925, the plaintiff and defendant stipulated in writing that "The present status of the said suit . . shall remain unchanged, and it shall not be necessary for the present for Walter B. Fraser [defendant] to file any pleadings in said case, it being understood that no default will be entered in said case until after the expiration of ninety days from this date. . . After the expiration of ninety days, as hereinabove provided," plaintiff "shall be at liberty to prosecute said suit," the defendant "having the right to file and urge any defense thereto that he might have as of this date." The judge fixed September 28, 1925, as the day for calling the appearance docket. The attorneys for neither of the parties attended the call of the docket. The judge, being unadvised as to the stipulation between the parties, called the case, and, there being no demurrer, plea, answer or other defense filed, marked the case "in default." The ninety days referred to in the stipulation expired December 16, which was during the November or trial term of court. On January 4, which was the first day of the January term, the judge under an ex parte order caused the clerk to re-enter upon the docket the entry "in default," and allowed the plaintiff to proceed and take a verdict without any appearance by the defendant. On January 25, the defendant made a motion to set aside the verdict and to open or modify the default. The motion was overruled. *Held:*

(*a*) The ex parte order of the court and the re-entry on the docket by the clerk were wholly unnecessary, but not harmful to the defendant.

(*b*) The private stipulation between the parties was not binding on the court, or operative as extending the time provided by statute for filing a defense.

(*c*) It was the duty of the defendant to look to the docket for the status

of the case against him. *Fitzgerald* v. *Ferran*, 158 *Ga.* 755 (124 S. E. 530).

(d) If the defendant desired to avail himself of the plaintiff's agreement as expressed in the stipulation, it was incumbent on the defendant to appear at the appearance call of the docket and apply for and obtain an order extending the time in which to file his defense. Where he failed to do so and the case was regularly marked "in default" by the judge, and the defendant did not during the appearance term apply to the court in the exercise of its inherent power to open the default (*Chero-Cola Bottling Co.* v. *Southern Express Co.*, 150 *Ga.* 430, 104 S. E. 233), and did not within thirty days after the entry of default apply to open the default under the provisions of the Civil Code (1910), § 5654, and did not, at the November term, which was the trial term, and during which the ninety days specified in the stipulation expired, make a motion to open the default under the provisions of § 5656, the judge was without jurisdiction at the next succeeding term to open the default (*Caldwell* v. *Freeman*, 146 *Ga.* 469, 91 S. E. 544; *Avery* v. *Sorrell*, 157 *Ga.* 476, 121 S. E. 828), and did not err in refusing to set aside the default judgment on the basis of the private stipulation between the parties.

6. On the defendant's motion referred to in the preceding division, the judge set aside the verdict and accorded another trial restricted to a determination of the plaintiff's damages. On the trial that ensued the judge directed a verdict for the plaintiff for a stated amount that was less than the amount that was alleged in the petition to be due. *Held*, that the uncontradicted evidence authorized this direction.

7. Assignments of error not argued or insisted upon in the brief of the attorneys for the plaintiff in error are treated as abandoned.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur, except Hill, J., absent for providential cause.*

Nos. 5432, 5433, FEBRUARY 25, 1927.

REHEARING DENIED MARCH 3, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. March 31, 1926.

M. M. Neese instituted an action against Walter B. Fraser, R. R. Collins, and the Citizens & Southern Bank. The petition alleged that Fraser, being owner of a stated number of acres of land located in Florida, employed petitioner as his agent to sell the land, agreeing to pay him 5 per cent. commission; that petitioner proceeded to negotiate with Collins, a resident of Florida, with whom he entered into a contract that upon resale of the property by Collins petitioner should receive one third of the difference between the price paid to Fraser and the amount obtained by Collins on resale; that petitioner fully informed Fraser as to his contract with Collins, and furnished money to Fraser for his expenses in going to Florida and seeing Collins; that after petitioner had thus

brought Fraser and Collins together, it was ascertained that Collins and his associates were ready, able, and willing to purchase the land at a stated price, 5 per cent. of which would yield to petitioner a stated amount for his commissions; that Fraser and Collins then entered into a conspiracy to conclude the trade between themselves directly, for the purpose of avoiding payment to petitioner of his commissions on that sale, and also the above-mentioned profits to which petitioner would be entitled from Collins on resale of the property; that the sale was actually agreed upon between Fraser and Collins; that Collins is effecting a resale to Lynn & Company at a stated advanced price, to one third of which petitioner is entitled; that in the agreement with Lynn & Company it was provided that a stated sum constituting the initial payment should be paid through the Citizens & Southern Bank; and that that institution is now in possession of a check for said amount. The prayers were, for a judgment against Fraser and Collins respectively, for the amounts alleged to be due by them; for injunction to prevent them from in anywise changing the contract; that the bank be directed to hold the money so deposited with it and any other money that might come into its hands in carrying out the contract of resale; and for general relief. The petition was filed on July 16, 1925, and made returnable to the September term of the superior court. Each of the defendants was served. On September 16, 1925, Neese as first party and Fraser as second party signed an agreement which, after reciting the pendency of the suit and the desire of the parties to avoid litigation, declared:

"That, for and in consideration of the benefits accruing hereto to the respective parties, it is agreed as follows: (1) The present status of the said suit, being No. 65092 in Fulton superior court, shall remain unchanged, and it shall not be necessary for the present for Walter B. Fraser to file any pleadings in said case, it being understood that no default will be entered in said case until after the expiration of ninety days from this date. (2) Said second party agrees that should the trade for the real estate referred to in said petition not be consummated, then after the expiration of ninety days, as hereinabove provided, said Marvin M. Neese shall be at liberty to prosecute said suit against said second party, said second party having the right to file and urge any defense thereto that he might have as of this date. (3) Said second party agrees

to use his best efforts to put through said real-estate deal, and upon doing so agrees to pay to said first party the sum of $2,700.00, subject, however, to the following terms and conditions: a—Said $2,700.00 is understood to be, for the purpose of this compromise agreement, the primary obligation of R. R. Collins, and is to be paid by said Collins to said first party out of his commissions or overage that said Collins expects to realize in turning over said property. This overage is based on the agreed purchase-price of said property and amounts to $8,100.00. b—In the event that said Collins does not pay to said first party said sum of $2,700.00 within ten days after the closing of said trade, the said second party agrees to promptly pay to said first party the sum of $2,-700.00 in cash and take from said first party a transfer of any claim that first party has on said R. R. Collins. c—Upon the closing of said trade, if it should be necessary to do so, the said first party agrees that the restraining order now existing in the above-stated case, with reference to sum of $5,000.00 in the possession of Citizens & Southern Bank, Atlanta, may be modified so that said sum may be paid to first party, and upon the payment of said sum of $2,700.00 to said first party, either by said second party or by said Collins, said first party agrees that said suit shall be dismissed at cost of said second party. (4) It is understood and agreed by the said parties that when first party receives the said sum of $2,700.00 in cash hereinabove referred to, he will have no further claim for commission or otherwise against said second party. Said second party having agreed with R. R. Collins to assume a certain part of costs not to exceed $150.00 in connection with litigation instituted by said Collins in Santa Rosa County, Florida. It is understood that should said Collins claim an offset on said sum of $2,700.00 up to the amount of said first party's agreed obligation in connection therewith, said amount may be deducted from the sum of $2,700.00 hereinabove referred to."

At the September term of court an order was passed designating September 28 as the date for the calling of the appearance docket. No attorney for either party attended the call of the appearance docket. The case was duly called at that time, and, there being no appearance for either of the defendants, the judge marked the case "in default" on the appearance docket. On October 7 a consent order was granted, opening the default as to the Citizens & South-

ern Bank alone. On October 31 an order was granted, allowing the bank time in which to plead. At that time a deputy clerk of the court, believing it his duty to do so, marked out the "in default" entry on the appearance docket by drawing a line through the words "in default." On January 4, which was the first day of the third term after the suit was filed, a different judge presiding, an ex parte order was granted, reciting that the default entry was erased from the docket inadvertently by the clerk, and directing that the clerk re-enter upon the docket the entry of "in default," and that the plaintiff be allowed to proceed as provided by law against Fraser and Collins as being in default. On the same day the plaintiff obtained a verdict for the full amount alleged to be due in the petition. On January 25, Fraser made a motion to set aside the verdict, and to set aside the order of January 4, ordering the clerk to re-enter on the docket the default entry; also, should that order not be set aside, that it be so modified as to make the said default date from January 4; also that the original "in default" be set aside. Upon the hearing of this motion the judge admitted evidence including the original appearance docket, and testimony of the deputy clerk to the effect that he made the erasure on the docket in the circumstances above stated. The motion was overruled in so far as it sought to set aside or modify the default judgment; but the order provided that the verdict should be set aside, and that "the plaintiff is accorded hereby a right to trial by jury for assessment of damages upon his petition and suit against said Fraser." On the trial that ensued the uncontradicted evidence showed a sale by Fraser directly to Lynn & Company at a stated price that was paid to him, which was less than the amount alleged in the petition. The judge directed a verdict for the plaintiff against Fraser alone, for 5 per cent. of the amount received by him for the property. Fraser excepted, assigning error upon the refusal to open or modify the default judgment on the appearance docket, and on the judgment directing the verdict. The plaintiff filed a cross-bill of exceptions assigning error upon the setting aside of the first verdict, and upon the refusal to direct a verdict for the full amount alleged in the petition to be due him.

*Winfield P. Jones* and *King, Spalding, MacDougald & Sibley,* for Fraser.

*Dorsey, Howell & Heyman,* contra.