### LEE *et al. v.* ARNSDORFF.

A petition by the defendant in judgment for injunction against its enforcement, on the ground that it was obtained by fraud in that, before it was rendered, he was prevented from appearing and defending the action by the statement of the plaintiff's counsel that the case would be dismissed, whereupon defendant called the attention of the justice in whose court the action was pending, who assured him that he might rely on the statement made by the plaintiff's counsel, was good on demurrer. But where it appeared from the petitioner's own testimony that he had not been told that the case would be dismissed, though he so thought from what the counsel said, which was, that the case would not be tried at the next term of the justice's court because counsel had business elsewhere, the allegation was not established.

(a) If the judgment was never entered on the docket of the justice's court, the remedy of the petitioner would not have been by injunction or petition in the nature of a bill in equity. Whether or not the judgment could have been so entered *nunc pro tunc*, query.

December 1, 1890.

Judgments. Fraud. Justices' courts. Before Judge FALLIGANT. Effingham superior court. May term, 1890.

Reported in the decision.

H. B. STRANGE and D. H. CLARK, for plaintiffs in error.
A. C. WRIGHT, *contra.*

BLANDFORD, Justice.

This was a petition filed by the defendant in error against the plaintiffs in error, praying an injunction, and also praying that a certain judgment rendered in a justice's court against him in favor of the plaintiffs in error be set aside and a perpetual injunction granted to prevent the plaintiffs in error from enforcing a certain execu-

tion issued upon said judgment. The ground stated in
the petition is that the judgment was obtained by fraud,
in that the defendant in error, while the case was pend-
ing and before judgment, was prevented from appearing
and defending the action by reason of the fraud on the
part of Lee and his counsel in stating to him that the
case would be dismissed, whereupon he called the atten-
tion of the justice of the peace to the matter, who
assured him that he might rely upon said statements
made to him by counsel for Lee. The parties went to
trial upon the petition and answers, and the petitioner
himself testified substantially that neither Lee, his
counsel nor the justice of the peace had ever actually
assured him that the case would be dismissed, but he
thought it would be dismissed from what Strange
said; but that the case was ready for trial at the April
term, 1889, of the justice's court, and that counsel for
Lee (who was the plaintiff in the justice's court) said to
him the case would not be tried at the April term as
he had some important business to attend to in an ad-
joining county; that he (petitioner) agreed to this, and
that thereafter a judgment was rendered against him
by the justice of the peace at the instance of the
plaintiff, which judgment was dated the 4th of April.
The evidence offered by the plaintiffs in error showed
that while the judgment was dated April 4th, it was in
fact rendered at the May term of the court, at which
term the defendant in error was not present and did
not appear to defend the suit. The judgment was
entered upon the summons issued by the justice, but
not upon the docket of the court. Section 457 of the
code provides that justices of the peace have authority,
and it is their duty, to keep a docket of all causes
brought before them, in which must be entered the
names of the parties, the returns of the officer, and the
entry of the judgment, specifying its amount and the

day of its rendition. See 64 *Ga.* 566, 567. If this judgment had never been entered upon the docket of the justice of the peace (the place where it should have been entered), then the remedy of the defendant in error would not have been injunction, or a petition in the nature of a bill in equity. We do not say whether the judgment could have been entered *nunc pro tunc* or not, as that point is not before us. The verdict of the jury finding in favor of the defendant in error was unwarranted by the law and the evidence in the case, and it was the duty of the court to have granted a new trial as asked for by the plaintiffs in error, as, in our opinion, there should have been no recovery in his behalf. We think, however, under the allegations in the petition, that the court did right to overrule the demurrer to the petition; but the evidence of the defendant in error makes an entirely different case from the allegations in his petition. Indeed, his own evidence makes no case for a recovery by him.

*The judgment is reversed.*