PENDERGRASS *v.* DUKE; *et vice versa.*

PER CURIAM. During the first week of Jackson superior court the case of Duke against Pendergrass, the same being an equitable petition for specific' performance, was tried. While the jury was out considering the case, it having been submitted to them under the instructions of the court, the court took a recess until the following Monday morning, counsel having consented that the jury might return a sealed verdict. On the following Monday morning the judge from another circuit came on the bench to preside during the second week; and the jury having returned a sealed verdict, the same was received and published, and the losing party, the plaintiff in error in the present case, prepared a motion for a new trial, a rule nisi, and an order setting the case down for a hearing and allowing time for the completion of the motion and a brief of the evidence. This motion and rule nisi and the other orders that were prepared were presented to the judge presiding the second week, for his signature. He declined to sign, on the ground that he had not tried the case, being of the opinion that the motion should be presented to the judge who tried the case; and the motion was accordingly presented by counsel to that judge. He granted the order and set the case down for a hearing at chambers. When it came on for hearing, a *motion* to dismiss the motion for a new trial was made by the respondent in the motion. The court rendered judgment refusing to dismiss the motion, and upon review this court reversed the judgment overruling the motion to dismiss the motion for a new trial, holding that the judge who granted the rule nisi and the other orders referred to was without jurisdiction to entertain the motion for a new trial. Subsequently, the time for making a motion for a new trial having expired, the plaintiff in error here made an extraordinary motion for a new trial, based upon the grounds stated above, and upon the grounds of the former motion for a new trial. When the extraordinary motion came on for a hearing the judge having jurisdiction of the case overruled the motion. *Held:*

1. The court did not err in refusing to grant a new trial upon this extraordinary motion.
2. The mistake of the judge to whom the motion made in term time was presented, as to his want of jurisdiction to entertain the motion, is not ground for the grant of a new trial upon extraordinary motion.
3. The foregoing rulings necessarily resulting in an affirmance of the judgment of the court below on a main bill of exceptions, the cross-bill of exceptions will be dismissed.

*Judgment affirmed on the main bill of exceptions.   Cross-bill dismissed.*
*All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 25, 1915.

Motion for new trial. Before Judge Jones. Jackson superior court. November 8, 1913.

*P. Cooley* and *Ray & Ray,* for Pendergrass.

*John J. & Roy M. Strickland, T. J. Shackelford,* and *J. A. B. Mahaffey,* contra.