PENDERGRASS *v.* DUKE.

HILL, J. From the present record, and from the records of this court, it appears that one judge presided the first week of a term of court. Before him the present case was tried, and by consent the jury returned into court their verdict on Monday morning of the second week, at which time a different judge was presiding. A motion for a new trial was presented to the second judge, who declined to sign a rule nisi thereon, on the ground that this should be done by the judge who tried the case. A rule nisi was then obtained from the first judge, and the motion again presented to the second judge, with request that he also sign the rule nisi. He again declined, for the same reason above stated. The motion thus made was duly prosecuted and a new trial refused. The movant excepted, and the respondent by cross-bill assigned error on the refusal of the court to sustain her motion to dismiss the motion for a new trial because the rule nisi thereon was not signed by the judge who was presiding when the application therefor was made; and this court reversed the judgment on the cross-bill of exceptions, holding that the court below should have dismissed the motion for a new trial because he was without jurisdiction to entertain it. *Pendergrass* v. *Duke,* 140 *Ga.* 550 (79 S. E. 129). The plaintiff in error then filed an extraordinary motion for a new trial, which was overruled. The case again came to this court by writ of error; and it was held that "The mistake of the judge to whom the motion made in term time was presented, as to his want of jurisdiction to entertain the motion, is not ground for the grant of a new trial upon extraordinary motion." *Pendergrass* v. *Duke,* 143 *Ga.* 257 (84 S. E. 447). The verdict and judgment involved in these cases were rendered at the February term, 1912. On March 26, 1915, the judge to whom the motion for a new trial was originally presented signed what purported to be nunc pro tunc orders: one a rule nisi on the motion presented to him at the February term, 1912, and the other an additional order giving movant until the hearing, whenever it might be, to perfect and file for approval a brief of the evidence. The rule was made returnable before the judge who presided when the case was tried. The motion was amended and came on for a hearing, when it was dis-

missed by the court below, on the ground that there was no valid motion for a new trial pending. This is the judgment now under review by this court upon writ of error sued out by the movant. *Held:*

1. It is essential to a valid motion for a new trial that it be filed during the term at which the verdict and judgment complained of were rendered, and that a brief of the evidence be filed with the motion, or an order extending the time for its filing be rendered.

2. A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Such an entry can not be made to serve the office of correcting a decision however erroneous, or of supplying non-action on the part of the court.

3. Applying the principle announced in the next preceding headnote to the facts as stated, it is clear that the nunc pro tunc orders entered on March 26, 1915, upon the motion for a new trial by the judge to whom it was presented at the February term, 1912, could not give vitality to a motion which at that term he had declined to entertain; and that the court below properly dismissed the motion for a new trial for want of jurisdiction to consider it.

*Judgment affirmed. All the Justices concur.*
May 16, 1917.

Motion for new trial. Before Judge Jones. Jackson superior court. March 18, 1916.

*J. S. Ayers* and *Ray & Ray*, for plaintiff in error.

*John J. & Roy M. Strickland* and *J. A. B. Mahaffey,* contra.