STUBBS, administrator, *v.* MENDEL *et al.*

1. The marking of ·papers as "filed," by a judge on interlocutóry hearing, who retained them for use in making his decision of the case, and his later forwarding them by mail to the clerk of the superior court, who never received them, did not constitute a legal filing of them in the office of the clerk.

2. It was error, at the trial of the case, to order that copies of such papers be marked filed as of the date of the interlocutory hearing.

3. The court had no jurisdiction, at the second term after the trial term of the case, to open a default in pleading and to allow a defendant then to file a demurrer and an answer, upon his oral motion not under oath.

4. The verdict should be vacated as to both defendants, but without taxing costs against one of them between whom and the plaintiff there was · really no issue.

No. 939.    FEBRUARY 14, 1919.

Equitable petition.    Before Judge Meldrim.    Chatham superior court.    January 18, 1918.

*George H. Richter,* for plaintiff.

FISH, C. J.    W. B. ,Stubbs, as administrator of R. K. Walker, ·filed his petition against W. K. Smith and Carl Mendel, for a reformation of deeds which the plaintiff had made to them, and later, by amendment, for rescission. Upon the call of the docket

at the appearance term of the cause (October term, 1916), the case was marked in default as to W. K. Smith, and at the June term, 1917, on the seventh day of June, Smith made an oral motion that the court open the default, and that he be allowed to file his demurrer and answer; to which motion the plaintiff objected on the grounds, that it was too late to open the default, that the court had no jurisdiction to open it at that term, and that the defendant was not proceeding in the manner prescribed by the law for opening defaults. After a hearing the court passed the following order: "Upon motion of counsel for W. K. Smith, one of defendants in the above-stated case, it appearing that at an interlocutory hearing of said case at Hinesville, Georgia, on the 18th day of September, 1916, Honorable Walter W. Sheppard, Judge presiding, a demurrer and answer were filed with the court and marked 'filed' by the court; that after argument the court took said answer and demurrer for the purpose of making a decision therein, and later forwarded the same by mail to the clerk of the superior court of Chatham county; that the same were lost and never reached the office of the clerk of said court; that at the appearance term of said case default was entered: it is ordered that the default entered therein be opened, and that the copy plea and demurrer, this day tendered, be marked 'filed' as of September 18, 1916." On the trial of the case a verdict was rendered for the defendants. The plaintiff moved for a new trial. The motion was dismissed as to Smith, and overruled as to Mendel. The plaintiff excepted, assigning error upon the judgment opening the default, as well as upon the ruling on the motion for new trial.

1. The marking of the demurrer and answer of Smith "filed," by the judge of another circuit on an interlocutory hearing before him in his circuit, and retaining the demurrer and answer for the purpose of making a decision in the case, and later forwarding them by mail to the clerk of the superior court, who never received them, was not a legal filing in the office of the clerk of the superior court of Chatham county. "A paper is said to be filed when it is delivered to the proper officer, and by him received, to be kept on file." *Peterson* v. *Taylor,* 15 *Ga.* 483 (60 Am. D. 708); *Jordan* v. *Bosworth,* 123 *Ga.* 879 (51 S. E. 755).

2. As the demurrer and answer of Smith had not been filed at the interlocutory hearing, on September 18, 1916, the court

erred in ordering copies of the demurrer and plea presented at the June term, 1917, to be marked filed as of September 18, 1916. "A nunc pro tunc entry is for the purpose of recording some action that was taken, or judgment rendered, previously to the making of the entry, which is to take effect as of the former date. Such an entry can not be made to serve the office of correcting a decision, however erroneous, or of supplying non-action on the part of the court." *Pendergrass* v. *Duke,* 147 *Ga.* 10 (92 S. E. 649).

3. The judgment of default as to Smith was entered at the appearance term (October, 1916). The court allowed the default to be opened at the June term, 1917, which was the second term after the trial term, the terms of Chatham superior court being fixed by statute for March, June, October and December. "At the trial term the judge in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." Civil Code (1910), § 5656. "While, under the Civil Code, . . . a trial judge is vested with a wide discretion as to opening a judgment of default, on motion made at the trial term of a case, there is no provision of law authorizing him to entertain and grant a motion to open a default presented at any subsequent term at which the case is called for trial. *Thornton* v. *Coleman,* 104 *Ga.* 625, 627 [30 S. E. 782]. To move to open a default at the term at which a case regularly stands for trial is purely a matter of grace; and this privilege must be exercised, if at all, within the time prescribed by the statute whereby it is conferred. *Ingalls* v. *Lamar,* 115 *Ga.* 298-9 [41 S. E. 573]. The present case differs from the case of *Davis* v. *South Carolina Railroad Co.,* 107 *Ga.* 420 [33 S. E. 437]." *Cauley* v. *Wadley Lumber Co.,* 119 *Ga.* 648 (46 S. E. 852). See *Caldwell* v. *Freeman,* 146 *Ga.* 469 (91 S. E. 544). Moreover, it appears that the motion to open the default was oral, and not made under oath. Accordingly, it is clear that the court had no jurisdiction at the second term after the trial term to open a

default, even if the motion to do so had been properly made. The error in opening the default and allowing the defendant, Smith, to file a demurrer and answer at the second term after the trial term of the case, rendered all subsequent proceedings as to him nugatory, since the plaintiff was thereby deprived of a substantial right. *Cauley* v. *Wadley Lumber Co.,* supra.

4. From the pleadings it appears that there was really no issue between the plaintiff and Mendel, who in effect joined with the plaintiff in seeking to have his deed to Smith reformed or rescinded, as the land conveyed in that deed was also conveyed in the plaintiff's deed to Mendel; and if it should be decreed that Smith, under his deed, did not have title to the land also conveyed to Mendel, then neither the plaintiff nor Mendel desired the deed to Mendel to be reformed or rescinded. It appears, therefore, that Mendel's right to hold the land conveyed to him depended upon whether it should be decreed that Smith had no title to it. In view of the course the case took, the erroneous judgment in opening the default as to Smith makes it proper that the verdict in favor of Mendel should be set aside, but without taxing him for costs. _ The judgment is therefore reversed as to both defendants.     *Judgment reversed.    All the Justices concur.*