### 31073.   CHANDLER v. HAMMETT.

DECEMBER 5, 1945.   REHEARING DENIED DECEMBER 17, 1945.

Fred A. Gillen, Dorsey Davis, for plaintiff in error.

Rupert A. Brown, contra.

GARDNER, J. From the statement of the case it will be seen that the only question here to be decided, and in fact the only question which is argued, is whether the justice of the peace was authorized to enter the judgment, orally pronounced by him on June 27, 1944, nunc pro tunc on October 3, 1944. If he was not so authorized under the law, the judgment should be reversed; if he was, the judgment overruling the motion should be affirmed.

Under the Code, § 24-601, subsection 6, the justices of the peace are required "To keep a docket of all causes brought before them, in which must be entered the names of the parties, the returns of the officer, and the entry of the judgment, specifying its amount and the day of its rendition."

The conduct of the justices of the peace in compliance with this subsection regarding their duties has given rise to numerous exceptions in the appellate courts and considerable discussion in the decisions. Code, § 81-1201, provides: "Discretion of Court as to amendments, and rules therefor. In allowing or refusing amendments, there is a wide discretion to be exercised by the court; hence no fixed rule can be laid down which would apply to each particular case that might arise; but as a general rule the court will amend the entries of its orders on the minutes, or the records and other proceedings, nunc pro tunc—1. When the case is within some statutory provision. 2. When there is something on the face of the proceedings to amend by, from which what actually took place in the prior proceedings can be clearly ascertained and known. 3. In all cases where such amendment will clearly be in furtherance of justice." There is no question but that the provisions of this quotation apply to justice as well as all other courts. Concerning this question this court, in *Dunn* v. *Southern Bell Telephone &c. Co.*, 49 *Ga. App.* 264 (2) (175 S. E. 261), quoting from a decision of the Supreme Court, said: " 'A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Such an entry can not be made to serve the office of correcting a decision on, however erroneous, or of supplying non-action on the part of the court.' *Pendergrass* v. *Duke*, 147 *Ga.* 10 (2) (92 S. E. 649); *Stubbs* v. *Mendel*, 148 *Ga.* 802 (2), 804 (98 S. E. 476)."

In *Scott* v. *Bedell*, 108 *Ga.* 205 (33 S. E. 903), Justice Cobb, with all the Justices concurring, had this to say: "The entries upon the docket of the justice of the peace are in the nature of minutes of a court, and every fact transpiring in connection with cases tried in his court, essential to the validity or regularity of the judgment rendered, should be entered upon the docket. *Gray* v. *McNeal*, 12 *Ga.* 424; *Benson* v. *Dyer*, 69 *Ga.* 190; *Ramsey* v. *Cole*, 84 *Ga.* 147 (10 S. E. 598); *Lee* v. *Arnsdorff*, 86 *Ga.* 264 (12 S. E. 352); *Telford* v. *Coggins*, 76 *Ga.* 683. When a justice renders a judgment in a case tried by him without a jury, the judgment should be entered on the docket. It is true that he need not sign it (*Gunn* v. *Tackett*, 67 *Ga.* 725); and it is also true that when he has 'rendered' the judgment, the mere ministerial act of

transcribing it upon his docket may be done after the court has adjourned and at a place different from that at which the judgment was rendered. *Ryals* v. *McArthur,* 92 *Ga.* 378 (17 S. E. 350). When a verdict is rendered on the trial of an appeal in his court, he should enter the verdict on his docket. In doing all acts of this kind, the justice acts in a mere clerical capacity; and when a judicial act is performed by him, as determining what is to be the result in a case, at the time and place required by law, the mere clerical work of entering this result upon the record provided by law may be done at any time."

In *Nashville, Chattanooga & St. Louis Railroad* v. *Brown,* 3 *Ga. App.* 561 (60 S. E. 319), Judge Powell discussed at great length and reviewed numerous decisions of the Supreme Court and this court on the question now before us. During the course of the opinion (page 564), this was said: "From the decisions it may be deduced that, to be enforced as the judgment of the justice (not on appeal), there must be a written judgment actually entered on the docket during the term (whether consistent with his previous oral announcement or not); or, if no judgment is entered on the docket during the term, a judgment announced in term and transcribed on the docket after adjournment."

We have read many decisions of our appellate courts on the question before us, and are of the opinion that the two cases cited are controlling under the facts of the instant case. We might add also that (upon a careful reading of the facts in all the cases which we have been able to find or to which counsel have cited us) none of the opinions are in conflict with what we here hold. At the time the affidavit of illegality was filed, which made the issue upon which rests the assignments of error here, the justice of the peace had entered the judgment on which the execution was based, and by virtue of which the levy was made, on his docket in compliance with the statute. He did not enter a judgment different from the one which he had rendered in open court. The judgment which he had rendered in open court was the same judgment, complete in every respect, that he, by his clerical act, entered on his docket. As the Supreme Court said in *Scott* v. *Bedell,* supra, "the mere clerical work of entering this result upon the record provided by law may be done *at any time.*" And likewise, as this court said in *Nashville, Chattanooga & St. Louis Railroad Co.* v. *Brown,*

(supra), "If no judgment is entered on the docket during the term, a judgment announced in term and transcribed on the docket after adjournment" is valid.

The authorities which we have cited, under the facts of this case, are controlling and demand an affirmance.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*