33385. GENERAL TIRE SERVICE CO. *v.* CARLISLE.

DECIDED JULY 10, 1951.

*Herbert Johnson, Henry M. Hatcher Jr., William L. Moore,* for plaintiff in error.

*Grant, Wiggins, Grizzard & Smith,* contra.

MacIntyre, P. J. ■ "An oral announcement by the judge of the superior court sustaining a demurrer to a plea, does not become a judgment of the court until reduced to writing and signed by the judge. *Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281); *Freeman* v. *Brown,* 115 *Ga.* 23 (41 S. E. 385); *Cureton* v. *Cureton,* 120 *Ga.* 559, 566 (48 S. E. 162); *Alexander* v. *Chipstead,* 152 *Ga.* 851, 861 (111 S. E. 552); *Macon, Dublin & Sa-*

*vannah Railroad Co.* v. *Leslie,* 148 *Ga.* 524 (97 S. E. 438); *Swilley* v. *Hooker,* 126 *Ga.* 353 (2) (55 S. E. 31), [and] the refusal of the judge at a succeeding term to enter a written judgment nunc pro tunc, conformably to the oral announcement previously rendered, will not be reversed." *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804).

■ "When, upon the call of a suit pending in the superior court, neither party appeared, and referring to the case, the judge merely made an entry on the trial docket, 'November term, 1904, dismissed for want of prosecution,' and the case was stricken from the docket, but no order was ever taken, nor entry made on the minutes, such entry by the judge, without more, was insufficient to accomplish a dismissal of the suit. *Williams* v. *Rawlins,* 33 *Ga.* 117 (10), 123. See also *Greenfield* v. *Vason,* 74 *Ga.* 126 (3)." *Dixon* v. *Minnesota Lumber Co.,* 132 *Ga.* 347 (64 S. E. 71).

■ "A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Such an entry can not be made to serve the office of correcting a decision however erroneous, or of supplying nonaction on the part of the court." *Pendergrass* v. *Duke,* 147 *Ga.* 10 (92 S. E. 649).

Applying the principles of law in the foregoing paragraphs to the facts of this case, it is clear that the trial court erred on March 13, 1950, in entering its judgment nunc pro tunc revoking its judgment of August 4. The judgment of August 4, overruling the demurrers to the petition was valid and duly entered upon the minutes of the court, and whether the court intended at some time during that term to revoke its judgment—and this is not apparent from the record—or whether it attempted to do so by destroying the original copy of its order of August 4, believing that it had not been entered on the minutes, or whether the judge entered upon the card attached by the clerk to the petition, "back to the demurrer calendar" in an effort to revoke the judgment of August 4, is immaterial. Once its judgment of August 4 had been entered upon the minutes of the court, it was not final until the term ended, but it was no longer in the breast of the court and could be re-

voked, modified, or altered only by another valid order rendered during the same term and entered upon the minutes. See, in that connection, *Blakely Hardwood Lumber Co.* v. *Reynolds Bros. Lumber Co.,* 173 *Ga.* 602 (160 S. E. 775). It is not apparent from this record that any such valid order revoking the judgment of August 4 was entered during that term and none of the alleged actions taken by the trial court was effectual to that end.

■ "When a judgment has been rendered either party may move . . to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. From what has been said in division 1 of this opinion, it is clear that the trial court was powerless, at a subsequent term, either directly or indirectly, to revoke the valid subsisting judgment of August 4 overruling the demurrers. It follows, therefore, that the judgments of December 8, ruling upon the identical demurrers as those ruled upon on August 4, and February 2, dismissing the petition, were void and the trial court erred in refusing to set them aside. The court was without power to enter, at a subsequent term, an order contradicting the valid subsisting judgment of August 4, and counsel could not by agreement or otherwise confer such power upon the court.

■ The motion to dismiss the writ of error is denied.

*Judgment reversed. Gardner and Townsend, JJ., concur.*