338

37572.   COWART *et al. v.* CHARLES R. HARTSFIELD, INC.

QUILLIAN, Judge.   1.   While it is a well-settled principle of law that courts have plenary control of their judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may in the exercise of their sound discretion seem necessary; and where, "for good cause shown" a judgment is considered to have been improvidently or inadvertently entered, the courts may, at the same term, ex mero motu and without notice to either party, vacate or set aside such judgment (*Jones* v. *Garage Equipment Co.*, 16 *Ga. App.* 596, 85 S. E. 940; *Methodist Episcopal Church South* v. *Decell*, 60 *Ga. App.* 843, 849, 5 S. E. 2d 66; *Bowen* v. *Wyeth*, 119 *Ga.* 687, 46 S. E. 823; *East Side Lumber &c. Co.* v. *Barfield*, 193 *Ga.* 273, 276, 18 S. E. 2d 492; *Hunter* v. *Gillespie*, 207 *Ga.* 574, 63 S. E. 2d 404), the power so to deal with a judgment is not an unlimited or arbitrary one, but is one of legal discretion; and, as the law seeks an end to litigation, when the parties have had full opportunity to plead and be heard, if a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do so in order to promote justice.   *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 290 (143 S. E. 912); *Cahoon* v. *Wills*, 179 *Ga.* 195, 196 (175 S. E. 563); *Cofer* v. *Maxwell*, 201 *Ga.* 846, 848 (41 S. E. 2d 420).

2.   Under an application of the rule last above stated to the facts of the present case, the trial court abused its discretion in revising its judgment of unconditional dismissal of the plaintiff's action so as to permit the plaintiff to amend; and,

consequent upon that error, the trial court also erred in allowing the plaintiff's amendment, over objection by the defendants, and all subsequent action in the premises was nugatory. The plaintiff filed, on November 29, 1957, in the Civil Court of Fulton County, an action of trover in the "Jack Jones" form, seeking to recover certain items of personalty of an alleged value of $1,000. These items are enumerated in a bill of sale to secure debt attached to and made a part of the petition. The bill of sale, from the defendants to the plaintiff, with a single exception, describes personal property of a kind without specifically identifying the individual items. The defendants, on January 14, 1958, filed their demurrers, attacking the petition for its insufficient description of the property and contending that the action was barred by the statute of limitations. On February 4, 1958, the trial court, being of the opinion that the action was barred by the statute of limitations, "adjudged that ground 1 (a) of the defendant's demurrer [action barred by statute of limitations] filed January 14, 1958, and directed to plaintiff's petition, is sustained and the action dismissed at plaintiff's cost." On February 13, 1958, during the same term, the trial court ordered that its judgment of February 4, 1958, "be amended *nunc pro tunc* to give plaintiff leave to amend." On the same day, the plaintiff amended its petition to add to its description of the property and to attach a promissory note, from the defendants to the plaintiff, executed simultaneously with, and by reference therein made a part of, the bill of sale attached to the original petition. The defendants' objections to the allowance of the amendment, upon the ground that the petition had been unconditionally dismissed and nothing remained by which to amend, were overruled and the trial court adjudged that the amendment met all grounds of the defendants' demurrers. The mere laches of the plaintiff to describe the property properly and to attach the promissory note to the original petition was not sufficient cause for the trial court to amend its former unconditional judgment dismissing the petition, where it does not appear that such former judgment was improvidently or inadvertently entered.

3. " 'A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former

date. Such an entry can not be made to serve the office of correcting a decision however erroneous, or of supplying non-action on the part of the court.' *Pendergrass* v. *Duke*, 147 *Ga.* 10 (2) (92 S. E. 649); *Stubbs* v. *Mendel*, 148 *Ga.* 802 (2), 804 (98 S. E. 476)." *Dunn* v. *Southern Bell Tel. & Tel. Co.*, 49 *Ga. App.* 264 (2) (175 S. E. 261). In this respect, the present case differs from *Hanover Fire Ins. Co.* v. *Scroggs*, 90 *Ga. App.* 539 (83 S. E. 2d 295), wherein the trial court in amending its order to allow time for amendment stated that such permission had been inadvertently omitted from the original judgment.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED MARCH 11, 1959—REHEARING DENIED MARCH 30, 1959.

*Brackett & Brackett, Claud F. Brackett, Jr.*, for plaintiffs in error.

*Clifford Oxford*, contra.