38684. SIKES *et al.* v. CHARLTON COUNTY *et al.*

252

DECIDED MARCH 6, 1961.

*Leon A. Wilson, Schreiber & Rozier, C. Edwin Rozier,* for plaintiffs in error.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, William A. McQueen, J. Edmund Pedrick,* contra.

FELTON, Chief Judge. ■ Ground 4 of the amended motion is as follows: "The plaintiff, J. O. Sikes, as Sheriff of Charlton County, sought a declaration of the legal costs to which he was entitled under the factual situation set forth in Paragraph 14 (a) of the petition, which is as follows: '1. A valid arrest is made by the sheriff or his deputies for a single traffic violation. 2. A cash bond is accepted by the arresting officer. 3. A warrant issues and the case is properly filed and docketed.

4.   The violator failing to appear, the cash bond is forfeited by order of the court and entered on the docket as a fine and distributed as such as a final disposition and settlement of the case.'   The court ruled as follows:   '1.   Under the allegations set forth in Paragraph 14 (a) . . . of the petition, and provided each of the services were actually performed, Sheriff J. O. Sikes is entitled to the following costs:

> Paragraph 14(a):   Apprehending a person suspected if committed or held to bail _____ $6.00
>
> Taking bond in criminal case _____ 4.00
>
> Total _____ $10.00

Sheriff J. O. Sikes is not entitled to the item of cost for services in every criminal case before a judge or judge and jury. . . . $3.00 in any case where the offender is not physically brought before the court.'   (a) The court erred in so ruling for the reason that the plaintiff, J. O. Sikes, as Sheriff of Charlton County, is entitled to said item of costs for 'Services in every criminal case before a judge or a judge and jury. . . $3.00' in the above factual situation as a matter of law; and this ruling of the court is contrary to law."   The court did not err in making the above ruling.   The act of 1955 (Ga. L. 1955, pp. 383, 384, *Code Ann.* § 24-2823) provides:   ". . . Services in every criminal case before a judge or a judge and jury . . . $3.00."   The schedule of fees allowed sheriffs seems to be most comprehensive.   The only reasonable interpretation of the above item seems to us to be that sheriffs are entitled to a fee of $3.00 for attendance upon the trial of an accused or attendance before a court when an accused enters a plea of guilty or where an accused is brought before the court and the case against him is nol pros'd.   Whether we have covered every instance where a sheriff would be entitled to this $3.00 fee or not, the court was right in holding, under the circumstances of this case, that the sheriff would not be entitled to the fee unless the offender was physically brought before the court.   We cannot agree with the sheriff's contention that he earns the fee if a case in which the sheriff has performed services is treated by a judge or jury whether or

not the sheriff brings the prisoner before the court or jury or renders some necessary service. The sheriff rendered no services in the so-called bond forfeitures so even if he would be entitled to a fee for appearing before the ordinary in the matters of forfeiting cash bonds he did not do so and there was no legal forfeiture of the bonds since a clerk in the ordinary's office marked "B.F." on the docket and no entry or judgment disposing of the case was made officially by the ordinary.

■ Ground 5 of the amended motion for a new trial is as follows: "The plaintiff, J. O. Sikes, as Sheriff of Charlton County, sought a declaration of the legal costs to which he was entitled under the factual situations set forth in Paragraph 14 (d) of the petition, which is as follows: '1. In each of the above situations the offender is arrested and charged with two or more traffic violations committed at the same time and the multiple violations are denoted on a single cash appearance bond traffic receipt. 2. A warrant is issued, executed, filed and docketed for each offense charged and separate judgments rendered in each case.' The court ruled as follows: 'Under the allegations set forth in Paragraph 14 (d), and provided the services were actually performed, Sheriff J. O. Sikes is entitled to only one item of cost for apprehending a person suspected . . . $6.00.' (a) The court erred in so ruling for the reason that the plaintiff, J. O. Sikes, as Sheriff of Charlton County, is entitled to said item of costs for—'Apprehending a person suspected if committed or held to bail. . . $6.00,' in the above factual situations in each case as a matter of law; and this ruling of the court is contrary to law." The court did not err in the ruling complained of in this ground. Where only one arrest is made and a prisoner while under arrest is charged with two or more offences the arresting officer is entitled to one arrest fee.

■ Ground 6 of the amended motion for a new trial is as follows: "The plaintiff, Cecil Conner, as Ordinary of Charlton County, sought a declaration of the legal costs to which he was entitled under the factual situations set forth in Paragraphs 14 (a), 14 (b), 14 (c) and 14 (d) of the petition, where a valid arrest is made for a single or multiple traffic violation, a

cash bond is accepted or the violator is conducted before the court, a warrant issues, the case is properly filed and docketed, and a final disposition is made of the case. The court ruled as follows: '2. Under the allegations set forth in Paragraphs 14 (a), 14 (b), 14 (c), and 14 (d) of the petition, and provided each of the services were actually performed, Ordinary Cecil Conner is entitled to the following costs:

| | |
|---|---|
| Issuing warrant | $2.50 |
| Holding trial | $5.00 |
| Total | $7.50 |

Ordinary Cecil Conner is not entitled to an item of cost for filing and docketing case. . . $3.00. in addition to the items set forth above, in any case.' (a) The court erred in so ruling for the reason that the plaintiff, Cecil Conner, as Ordinary of Charlton County, is entitled to said item of costs for 'Filing and docketing case. . . $3.00.' in addition to the items of costs for 'Issuing warrant. . . $2.50, Holding trial. . . $5.' in the above factual situations as a matter of law; and this ruling of the court is contrary to law." The court erred in holding that the ordinary was not entitled to a fee of $3.00 for filing and docketing each case. *Code Ann.* § 92A-505 (and acts codified therein) provided the following fees for an ordinary in traffic cases: "Warrant, if issued. . . $1.25. Entering case on docket, receiving plea or holding trial and imposing sentence, for entire service. . . $3.00." By the act of 1950 (Ga. L. 1950, p. 140), the original *Code* § 24-1716 was repealed and a new section was substituted, bearing the same number, fixing the fees of ordinaries. The enumeration includes the following: "Public Safety Patrol Trials: Holding trial. . . $5.00, Issuing warrant. . . $2.50." *Code Ann.* § 24-1716, under "Miscellaneous", includes the following: "For filing and docketing any application, petition or case where no fees are prescribed. . . $3.00." The defendants in error contend that by the amendment raising the ordinaries' costs for issuing a warrant and holding a trial from $4.25 to $7.50 the legislature's intention was for the raise in fees to cover fees for the entire services as the former schedule specifically pro-

256

vided. It will be noted, however, that the amendment did not provide that the $5.00 for holding a trial covered "entering the case on the docket, receiving plea or holding trial and imposing sentence, *for entire service.*" (Italics ours.) It will be presumed that the legislature deliberately chose not to make the increase for holding a trial cover filing and docketing a traffic case since the legislature is also presumed to have known that it left in the schedule of fees a provision "for filing and docketing any . . . case where no fees are prescribed. . . $3.00." The effect of the amendment, in connection with the provisions not changed, is to authorize the ordinaries to charge a fee of $3.00 for filing and docketing each traffic case. The court erred in ruling to the contrary.

■ Grounds 7 and 8 of the amended motion for a new trial are as follows: Ground 7. "The plaintiff, Cecil Conner, as Ordinary of Charlton County, sought a declaration of the legal costs to which he was entitled under the factual situation set forth in Paragraph 14 (f) of the petition, which is as follows: '1. In the above situations, all acts of arrest are performed and the offender is brought before the court, an affidavit is executed, a warrant is completed except for the signing of the ordinary, the arresting officer certifies that he has executed the above warrant by arresting the defendant and having him present before the court and judgment rendered.' The court ruled as follows: '4. Under the allegations of Paragraph 14 (f), Ordinary Cecil Conner is not entitled to an item of costs of $2.50 for issuing warrant; . . . It is further ruled that where affiant in the affidavit of a warrant is not present when a warrant is signed by the Ordinary, and the oath not administered, that such a paper is not a legal warrant.' (a) The court erred in so ruling for the reason that the plaintiff, Cecil Conner, as Ordinary of Charlton County, is entitled to said item of cost for issuing warrant. . . $2.50.' In the above factual situation as a matter of law; and this ruling of the court is contrary to law." Ground 8. "The plaintiff, Cecil Conner, as Ordinary of Charlton County, sought a declaration of the legal costs to which he was entitled under the factual situation set forth in Paragraph 14 (f) of the petition, which is as follows: '1. In the above situations, all acts of arrest

are performed and the offender is brought before the court, an affidavit is executed, a warrant is completed except for the signing of the ordinary, the arresting officer certifies that he has executed the above warrant by arresting the defendant and having him present before the court and judgment rendered.' The court ruled as follows: '. . . and further that the ordinary can not sign a criminal warrant by order of nunc pro tunc for purposes of collecting costs.' (a) The court erred in so ruling for the reason that the plaintiff, Cecil Conner, as Ordinary of Charlton County is entitled to sign a criminal warrant by order of nunc pro tunc for purposes of collecting costs as a matter of law; and this ruling is contrary to law." The court did not err in this ruling. The warrants were not signed by the ordinary and he did not administer the oaths to the affiants so the only question involved is whether the ordinary can sign the warrants nunc pro tunc and become entitled to his costs for issuing them. We hold that under the facts he cannot sign the warrants nunc pro tunc. "A criminal warrant consists both of the affidavit upon which it is based, and the precept of the officer." *Cox v. Perkins,* 151 Ga. 632 (107 S. E. 863, 16 A. L. R. 918); *Thorpe v. Wray,* 68 Ga. 359; *Scroggins v. State,* 55 Ga. 380. An accusation in a criminal case is void unless the oath is properly administered. *Gilbert v. State,* 17 Ga. App. 143 (86 S. E. 415). A nunc pro tunc entry cannot supply non-action. *General Tire Service Co. v. Carlisle,* 84 Ga. App. 288 (66 S. E. 2d 161); *Pendergrass v. Duke,* 147 Ga. 10 (92 S. E. 649); *Stubbs v. Mendel,* 148 Ga. 802 (98 S. E. 476).

■ Ground 9 of the amended motion for a new trial complains of the following ruling: "6. It is further ruled that when a violator is apprehended by an arresting officer and a cash bond is accepted, and the case docketed and there is no further disposition or order of the court, or settlement of the case and such cases have noted on the docket the letters 'B.F.' or 'bond forfeited', which is placed on said docket, there is no final disposition of the case." This ground is incomplete in that it does not appear whether or in what particular the ruling is harmful to plaintiffs in error. The court did not err in over-

■

ruling the motion for a new trial on the general grounds and on special grounds 4, 5, 7, 8, and 9, but did err in overruling special ground 6 of the amended motion and in overruling the motion for a new trial because of the error by the court in overruling special ground 6.

*Judgment affirmed in part and reversed in part. Nichols and Bell, JJ., concur.*