21426, 21449. CHAMBERS v. WYNN *et al.;* and *vice versa.*

CANDLER, Justice. A motion has been made to dismiss the bill of exceptions on the ground that it was not presented to the trial judge and certified by him within the time prescribed by law. The record shows that the case was tried by Hon. Harold R. Banke, Judge of the Superior Court of Clayton County. We think the motion to dismiss must be sustained. An act which the legislature passed in 1951 (Ga. L. 1951, p. 493) provides in part that "The Governor may call upon such [superior court] judges [emeritus] to serve as judges of the superior courts when the regular judge for some reason is unable to serve." The General Assembly in 1958 (Ga. L. 1958, p. 491) proposed an amendment to article 6, section 13 of the Constitution of 1945, adding thereto an additional paragraph to be known as paragraph 2, which reads as follows: "Chief Justices Emeritus and Justices Emeritus of the Supreme Court; Judges Emeritus of the Court of Appeals, and Judges Emeritus of the Superior Courts shall be eligible to preside in or over the Supreme Court of Georgia, the Court of Appeals of Georgia and the Superior Courts of this State. The General Assembly shall prescribe the method or manner in which they may be called upon for temporary service." This proposed amendment was ratified by the people of Georgia on November 4, 1958, and on the Governor's proclamation it became a part of the Constitution of 1945. See *Code Ann.* § 2-4802. Pursuant to the power conferred by this amendment, the legislature passed an act in 1958 (Ga. L. 1958, p. 318), which provides that "The Governor may call upon such [superior court] judges [emeritus] to serve as judges of the superior courts when the regular judge for some reason is unable to serve. Such judges are also authorized to serve in the superior courts as may be otherwise provided by law. The Governor may also call upon justices emeritus of the Georgia Supreme Court and of the Georgia Court of Appeals to serve as judges of the superior courts of this State when the regular judge is for any reason unable to serve, and said justices emeritus are also authorized to serve in the superior courts as judges of said courts." *Code Ann.* § 24-2605a. Another act, which the legislature passed in 1958 (Ga. L. 1958, p. 295) amends *Code* §§ 24-2625 and

24-2626, the former of which provides, under certain circumstances, for the selection by the parties litigant of any attorney of this State to preside as judge pro hac vice in a civil case, also authorizes them to select any judge of the superior courts emeritus to preside in the cause; and the latter provides for the clerk of the court or in his absence the deputy when it becomes the clerk's duty to select some competent attorney practicing in that court to preside in such a cause for such clerk or his deputy to likewise have authority to select any judge of the superior courts emeritus to preside in that cause. And since a superior court judge emeritus has not been granted constitutional or statutory authority to serve as a superior court judge, except when the Governor is authorized to call upon him to do so or he is selected to serve as such in a civil case under the provisions of the aforementioned amending act of 1958, it necessarily follows that Superior Court Judge Emeritus Reynolds was wholly without jurisdiction or power to certify the bill of exceptions in the instant case. Accordingly, the motion to dismiss the bill of exceptions must be sustained. And since the main bill of exceptions is dismissed, the cross-bill of exceptions need not be considered.

*Bill of exceptions and cross-bill of exceptions dismissed. All the Justices concur.*

ARGUED OCTOBER 9, 1961—DECIDED OCTOBER 24, 1961.

*Albert B. Wallace*, for plaintiff in error.
*Kemp & Watson, Henry Payton*, contra.