22294.   ADAMS et al. v. PAYNE et al.

ARGUED JANUARY 13, 1964—DECIDED FEBRUARY 6, 1964.

*Wiggins & Smith, M. T. Simmons,* for plaintiffs in error.
*Dennis, Bowden & Barton,* contra.

CANDLER, Justice.   Art. VI, Sec. XIII, Par. II of the Constitution of 1945 was amended in 1958 so as to make superior court judges emeritus eligible to serve and preside in the superior courts of this State. *Code Ann.* § 2-4802. The amendment, however, provides that the General Assembly shall prescribe the method or manner in which they may be called on for temporary service. Ga. L. 1958, p. 491. Pursuant to the power conferred by this amendment, the legislature passed an Act in 1962 (Ga. L. 1962, p. 547) which authorizes any superior

court judge of this State to request in writing a superior court judge emeritus of his circuit, or any adjoining circuit, to serve and preside in the superior court of any county of his circuit. The Act further provides that such superior court judge in making such request shall specify the time, place and duration of the requested service and shall file a copy of the request or order in the office of the clerk of the superior court of the county in which such service is to be performed. The case sub judice was brought in the Superior Court of Clayton County. It is a proceeding in the nature of a habeas corpus. The petition for the writ was presented to Hon. William H. Reynolds, Judge Emeritus of the Clayton Judicial Circuit, on August 22, 1963. He issued the writ, heard the case and rendered a judgment awarding custody of the minor involved to the applicants. The respondents excepted and in their bill of exceptions alleged that the judgment rendered by Emeritus Judge Reynolds is void and of no legal effect because Judge Banke, the regular and only superior court judge of the Clayton Judicial Circuit, had not by written order requested him to preside and serve in his judicial circuit as a superior court judge emeritus as required by the Act of 1962. After the bill of exceptions was presented to Emeritus Judge Reynolds, and on October 9, 1963, Judge Banke, as the record shows, signed an order nunc pro tunc effective as of July 30, 1963, requesting Emeritus Judge Reynolds to preside and serve in Clayton Superior court from August 1, 1963, to September 3, 1963, "and to conclude such matters after the aforesaid dates initiated during the period aforesaid" and filed such order in the office of the Clerk of the Superior Court of Clayton County on October 10, 1963. The record in this case does not show or tend to show that respondents knew that Judge Banke had not requested Emeritus Judge Reynolds to render temporary service in his court prior to the time he heard and determined this proceeding.

A judgment which is void for any cause is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. *Code* § 110-709; *Hart v. Manson*, 119 Ga. 865 (47 SE 345). "A 'void' judgment is in reality no judgment at all. It is a mere nullity. It is attended

by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril." 1 Black on Judgments 248, § 170. When this court discovers from the record that a judgment brought here for review is void for any reason, it will of its own motion reverse it. *Smith v. Ferrario*, 105 Ga. 51, 54 (31 SE 38). For similar rulings, see *Walker v. Banks*, 65 Ga. 20; *Worsham v. Murchison*, 66 Ga. 715 (1); and *Ivey v. State*, 112 Ga. 175 (4) (37 SE 398). A superior court judge emeritus has no constitutional or statutory power to serve in a superior court until he is called upon to do so in the manner and way provided by law. *Chambers v. Wynn*, 217 Ga. 381 (122 SE2d 571). The only authority under which Emeritus Judge Reynolds purported to act in this case is the Act of 1962 (Ga. L. 1962, pp. 547, 548) and under that Act he is authorized to preside and serve in a superior court only when the regular judge of such court requests him in writing to serve, which request must specify the time, place and duration of his service and be filed in the office of the clerk of the superior court of the county in which his service is to be performed, *Code Ann.* § 24-2621a; and compliance with the provisions of that Act was necessary to vest him with power to act in the instant case. 48 CJS 1111, § 99. See, in this connection, *Ivey v. State*, 112 Ga. 175, 178, supra. The fact that the respondent appeared before Emeritus Judge Reynolds and failed to raise any objection to his authority to preside and serve did not confer jurisdiction or power on him to hear and determine the case. *Block v. Henderson*, 82 Ga. 23 (8 SE 877, 3 LRA 325, 14 ASR 138); *Little v. McCalla*, 20 Ga. App. 324 (5) (93 SE 37), and the cases there cited which were decided by this court. The nunc pro tunc order which Judge Banke signed and filed in the office of the Clerk of the Superior Court of Clayton County after

this case was heard and determined by Emeritus Judge Reynolds conferred no retroactive power on him; and this is so because the entry of an order nunc pro tunc cannot serve to supply the court's nonaction, or to supply an order which it failed to make. *Pendergrass v. Duke,* 147 Ga. 10 (92 SE 649); *Stubbs v. Mendel,* 148 Ga. 802 (2), 804 (98 SE 476); *Dunn v. Southern Bell Tel. &c. Co.,* 49 Ga. App. 264 (2) (175 SE 261); 60 CJS 60, § 59 (b). A proper written and filed request or order by Judge Banke calling on him for temporary service as required by the plain provisions of the Act of 1962 was an indispensable prerequisite to clothe him with jurisdiction or power to act in this case as a superior court judge emeritus.

*Judgment reversed. All the Justices concur.*