45621, 45622.   BAXTER v. LONG et al.;
and vice versa.

EBERHARDT, Judge. Appellee moves to dismiss the appeal for the reason that the transcript of the evidence was not filed in the office of the clerk of the trial court within 30-days after the filing of the notice of appeal, as required by *Code Ann.* § 6-806, and that no application for extension of the time for filing the transcript was made within the 30-day period, as required by *Code Ann.* § 6-804.

It appears from the record that the judgment which appellant seeks to review was entered March 5, 1970, and that a notice of appeal was filed April 3. On April 22 application was made for an extension of time for filing the transcript of evidence, and an extension was accordingly granted until and through May 23. The transcript was not filed on or before May 23, and on May 27 appellant made application to the court for an order granting further extension of the time for filing. The order was granted ex parte on that date extending the time to June 6, 1970, reciting that it was being "granted nunc pro tunc as of May 23, 1970." Appellee moved the court to vacate the order and dismiss the appeal, but the motion was denied, and appellee cross appeals from that judgment and moves to dismiss the main appeal. *Held:*

1. " 'The Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 21, 26), as amended, requires the transcript of evidence to be filed within 30 days after the filing of the notice of appeal (*Code Ann.* § 6-806) or an application must be made within that period for an extension of time for such filing. (*Code Ann.* § 6-804). [The Supreme Court] has repeatedly held that the provisions of this Act are mandatory and unless complied with the appeal must be dismissed. *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20); and *Fleming v. Sanders,* 223 Ga. 172 (154 SE2d 14).' *Joiner v. State,* 223 Ga. 367, 368 (155 SE2d 8).

"With regard to obtaining extensions of time for filing a transcript, *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21) provides that 'any application . . . for an extension *must be made before expi-*

ration of the period for filing as originally prescribed . . .

"We have had regard to the 1968 amendments to the Appellate Practice Act (Ga. L. 1968, p. 1072, et seq.), but find that the same result still obtains. See *Fahrig v. Garrett,* 224 Ga. 817 [165 SE2d 126]; *Hardy v. D. G. Machinery &c. Co,,* 224 Ga. 818 [165 SE2d 127]." *Martin Theatres of Ga. v. Lloyd,* 118 Ga. App. 835 (165 SE2d 909). And see *Calloway v. State,* 119 Ga. App. 194 (166 SE2d 613).

2. This requirement applies to the obtaining of additional extensions of time; the application must be made before expiration of the extension last granted. *Biggs v. Phelps,* 225 Ga. 435 (169 SE2d 303). If the application is made within the time it is, of course, immaterial that the order may be later entered. *Elliott v. Leathers,* 223 Ga. 497, 501 (156 SE2d 440).

3. An extension of the time for filing the transcript must be under and by virtue of a valid court order. *Edwards v. Ware,* 116 Ga. App. 27 (156 SE2d 671).

4. "A nunc pro tunc entry is for the purpose of recording some action that was taken or *judgment rendered previously to the making of the entry,* which is to take effect as of the former date. Such an entry can not be made to serve the office of correcting a decision however erroneous, or *of supplying non-action on the part of the court."* *Pendergrass v. Duke,* 147 Ga. 10 (2) (92 SE 649). (Emphasis supplied). Accord: *Stubbs v. Mendel,* 148 Ga. 802 (98 SE 476); *Dunn v. Southern Bell Tel. & Tel. Co.,* 49 Ga. App. 264 (2) (175 SE 261); *Chandler v. Hammett,* 73 Ga. App. 325 (36 SE2d 184); *Allen v. Community Loan &c. Corp.,* 78 Ga. App. 611 (51 SE2d 872); *General Tire Service Co. v. Carlisle,* 84 Ga. App. 288 (66 SE2d 161); *Cowart v. Charles R. Hartsfield, Inc.,* 99 Ga. App. 338 (3) (108 SE2d 206). "A nunc pro tunc entry cannot supply non-action," *Sikes v. Charlton County,* 103 Ga. App. 251, 257 (119 SE2d 59), either of the court, of counsel or of a party.

Specifically, it cannot supply a failure to make the application within the time required by the statute. This is made very clear in *Adams v. Payne,* 219 Ga. 638 (135 SE2d 423) where Emeritus Judge Reynolds presided in the trial of a case when

no request or order calling on him for the temporary service had been made or filed as required by the Act of 1962 (Ga. L. 1962, p. 547), and the Supreme Court held his action to have been wholly nugatory, asserting: "A proper written and filed request or order by Judge Banke calling on him for temporary service *as required by the plain provisions of the Act of 1962* was an indispensable prerequisite to clothe him with jurisdiction or power to act in this case as a superior court judge emeritus," and a nunc pro tunc order entered after trial of the case requesting him to preside in its trial was a nullity.

And so here, when no application for extension of the time was made within the time prescribed by the statute, no valid order extending it could have been made, and the effort to give an order made after that time retroactive effect is unavailing.

5. The purported order recites that the court has heard evidence and determined that the delay in filing the transcript was not attributable to appellant or his counsel (see Art. VI, Sec. II, Par. V of the Constitution of Georgia; *Code Ann.* § 2-3705), but this does not excuse them from a timely making of an application for extension of the time for filing. While they may not have been chargeable with the delay of the reporter in transcribing and delivering the transcript, it was wholly within their power and it was their duty to make a timely application as the statute requires, and failure to do that is delay attributable to them. *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88).

Under applicable provisions of the statute, as construed by the Supreme Court, it is inescapable that the court erred in denying the motion to vacate the purported nunc pro tunc order, and that judgment is reversed on the cross appeal. This leaves the record in the main appeal showing that the transcript was not timely filed and that no extension of time was validly obtained. Consequently, it must be dismissed.

*Judgment reversed in cross appeal; main appeal dismissed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 14, 1970—DECIDED SEPTEMBER 25, 1970.

*Claude V. Driver, Howe & Murphy, Harold L. Murphy,* for appellant.

*Perren, Lane & Sanders, Thomas C. Sanders,* for appellees.