## 50659. In Re: THOMAS.

EVANS, Judge.

On October 15, 1974, a citation for contempt of court was issued against Attorney Thomas, and a rule nisi was issued on October 17, 1974. At the completion of the hearing, the court orally stated that it was finding counsel in contempt and imposing a fine of $200 to be paid within thirty days, and instructed Attorney Thomas that a written order would be entered. No such order was ever entered, and the clerk of the lower court so states in the certificate preparing the record for this court.

There being no final written order in this case, there is no question presented to this court for consideration on appeal. See *Construction &c. Union v. Williams Const. Co.,* 212 Ga. 691 (1) (95 SE2d 281); *Olivet v. State,* 117 Ga. App. 860 (1) (162 SE2d 306); *Gibson v. Hodges,* 221 Ga. 779 (2) 781 (147 SE2d 329); *Benton v. Smith,* 226 Ga. 722 (177 SE2d 230); *Bonzheim v. Bonzheim,* 227 Ga. 478 (181 SE2d 363). There is simply nothing to appeal.

On May 7, 1975, the clerk of this court received a belated written order signed by the judge of superior court in this case, dated April 16, 1975, purporting to be a nunc pro tunc order, and making the written judgment relate back to the date of the oral pronouncement. We repeat that the appeal in this case was from the oral pronouncement (which can in no sense be termed a final judgment which is subject to appeal), and this belated order can not change the situation. A nunc pro tunc order cannot be used for the purpose of correcting non-action on the part of the court. See *General Tire Service Co. v. Carlisle,* 84 Ga. App. 288 (66 SE2d 161); *Pendergrass v. Duke,* 147 Ga. 10 (92 SE 649). Whether or not this order filed on April 16, 1975, may be appealed "within 30 days after entry" is not here passed upon. See Code Ann. § 6-803.

*Appeal dismissed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 30, 1975 — DECIDED MAY 8, 1975.

*Grace W. Thomas,* for appellant.

*Joseph J. Drolet, Assistant District Attorney,* for appellee.