### 31449. BEATTY v. UNDERGROUND ATLANTA et al.

UNDERCOFLER, Presiding Justice.

This is an action for damages and injunction alleging improper notice of termination by Underground Atlanta of appellant's sublease following the sale to MARTA of a large tract of land which included the subleased premises. Appellant complains the trial court erred in awarding summary judgments to appellees, Underground Atlanta and MARTA. The trial court held separate hearings on the two motions, entered separate judgments and separate notices of appeal were filed. The cases were transmitted together for appeal.

1. The record shows proper filing of notice of appeal by appellant following the order of March 4, 1976, in favor of Underground Atlanta. However, the record shows appellant filed an "Amended Notice of Appeal" following the order filed April 27th, 1976, in favor of MARTA, on May 28, 1976, *thirty-one days following filing of such order*. This notice was not timely filed, confers no jurisdiction upon this court, and must be dismissed as to MARTA. Ga. L. 1968, Sec. 2 (b), p. 1074; Code Ann. §§ 6-803 (a), 6-809 (b) (1).

Appellant cannot use a nunc pro tunc order secured ex parte in June 4, 1976, to consolidate the two appeals and add MARTA as a defendant under the appeal granted earlier with respect to Underground Atlanta. "A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry which is to take effect as of the former date. Such an entry cannot be made to serve the office of correcting a decision however erroneous, or of supplying

non-action on the part of the court." *Pendergrass v. Duke,* 147 Ga. 10 (2) (92 SE 649) (1917); *Stubbs v. Mendel,* 148 Ga. 802 (2) (98 SE 476) (1918). Further, such an entry "cannot serve . . . to supply an order which it [the trial court] failed to make." *Adams v. Payne,* 219 Ga. 638, 641 (135 SE2d 423) (1964).

2. We have reviewed the record carefully regarding the complaint against Underground Atlanta. The leases upon which appellant relies each contain a termination clause giving the lessor the right to cancel the leases at any time by giving 120 days prior written notice upon the condition "(a) a bona fide contract of sale of the property has been voluntarily entered into by lessor; or (b) *in the event lessor has sold the property.*" (Emphasis supplied.) In our opinion, it was the intention of the parties to permit notice of cancellation to be sent before or after a sale of the property. The record shows Underground complied with this provision.

*Judgment affirmed. All the Justices concur.*

Argued September 21, 1976 — Decided October 19, 1976 — Rehearing denied November 2, 1976.

*Patterson, Parks, Jackson & Howell, Jack LaSonde, David E. Allman,* for appellant.

*Sutherland, Asbill & Brennan, John W. Bonds, Jr., Huie, Ware, Sterne, Brown & Ide, R. William Ide, III, W. Stell Huie, C. Edward Dobbs,* for appellees.