### 53391. ARNOLD v. DeKALB COUNTY.

WEBB, Judge.

1. Appellant contends that since the Supreme Court has now ruled in *White v. Ga. Power Co.,* 237 Ga. 341, 343 (227 SE2d 385) (1976) that it is the duty of the fact finder to determine whether attorney fees and reasonable and necessary expenses of litigation should be paid by the condemnor to the condemnee as a part of just and adequate compensation, it was error for the trial court to refuse to grant his motion for new trial seeking to recover attorney fees and costs of litigation. Recovery for these items was not sought by the appellant upon the trial.[1] Moreover, there is no evidence in the transcript before us to show that he would have been entitled to such expenses. "A motion for new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict; and therefore errors committed by the court in the rendition of a decree or judgment can not be reached by a motion for a new trial." *Herz v. Claflin Co.,* 101 Ga. 615 (5) (29 SE 33) (1897); *Ray v. Woods,* 93 Ga. App. 763, 764 (92 SE2d 820) (1956); *Smith v. Smith,* 224 Ga. 689, 691 (3) (164 SE2d 225) (1968). This enumeration does not complain of any error of fact or law that contributed to the verdict rendered.

2. Enumerations 3 and 4 involve grounds of appellant's motion for new trial which were submitted on

---

[1] The instant case went to trial on March 3, 1976, and the *White* decision was not handed down until July 15, 1976. Appellant amended his motion for new trial to add this ground on July 21, 1976.

November 5, 1976, subsequent to the entering of the order on October 15, 1976, denying the motion for new trial. Appellant's attorney sought to correct this deficiency by having the court sign a nunc pro tunc order allowing the filing of these amendments as of October 14, 1976. Code Ann. § 70-301, however, clearly requires that amendments to a motion for new trial must be filed prior to the court's ruling thereon, and this court has held that "[a] nunc pro tunc entry cannot be used to correct the failure to comply with the mandatory requirements of the Appellate Practice Act." *Blackstone v. State,* 131 Ga. App. 666 (206 SE2d 553) (1974). " 'A nunc pro tunc entry cannot supply non-action,' *Sikes v. Charlton County,* 103 Ga. App. 251, 257 (119 SE2d 59), either of the court, of counsel or of a party." *Baxter v. Long,* 122 Ga. App. 500, 501 (4) (177 SE2d 712) (1970).

3. Appellant enumerates as error the denial of his motion for new trial on the three general grounds. His argument, however, is confined to an alleged erroneous charge of the court and this enumeration is therefore deemed abandoned under Rule 18 (c) (2) of this court. (Code Ann. § 24-3618).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 15, 1977 — DECIDED FEBRUARY 17, 1977.

*Dillard & Shearer, George P. Dillard,* for appellant.
*Harvey, Willard & Elliott, Wendell K. Willard,* for appellee.