# Court of Appeals
# of the State of Georgia

ATLANTA, May 23, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0483. JOHNNY MORGAN v. THE STATE.**

In 2010, Johnny Morgan was convicted of armed robbery and other crimes. He filed a timely motion for new trial, which the trial court denied in 2013. Morgan appealed, and the case was docketed in this Court as Case No. A15A2299. We dismissed the appeal because Morgan's counsel failed to file a brief and enumeration of errors. Back in the trial court, Morgan filed an "Amendment to Motion for New Trial" challenging his conviction on new grounds. The trial court denied that motion, and Morgan appeals again. We, however, lack jurisdiction.

A motion for new trial must be filed within 30 days of entry of the trial court's judgment. OCGA § 5-5-40 (a). The motion may be amended at any time "on or before the ruling thereon." OCGA § 5-5-40 (b). However, the motion may not be amended *after* the trial court has ruled on it. See *Arnold v. DeKalb County*, 141 Ga. App. 315, 316 (2) (233 SE2d 273) (1977). Here, Morgan filed his "Amendment to Motion for New Trial" after the court had already denied his motion for new trial. Thus, the "Amendment" was, in substance, a second motion for new trial. See *Rubiani v. State*, 279 Ga. 299, 299 n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls). And because this second motion for new trial was filed more than 30 days after the judgment of conviction, we must treat it as an extraordinary motion for new trial. See OCGA § 5-5-41 (b); *Jeffcoat v. State*, 299 Ga. App. 54, 54 (682 SE2d 131) (2009).

An appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure set forth in OCGA § 5-6-35. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327 (489 SE2d 129) (1997).

"The requirements of OCGA § 5-6-35 are jurisdictional, and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Morgan's failure to follow an application for discretionary appeal deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.

We note that Morgan has been represented by counsel throughout his pursuit of post-conviction relief. To the extent that Morgan's right to appeal has been frustrated by errors of counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). The clerk of court is directed to send a copy of this order to Morgan as well as to Morgan's current attorney, who is also directed to send a copy to Morgan.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  05/23/2018
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.